# Aderhold *v.* Mayor and City Council of Anniston.

## *Prosecution for Violation of City Ordinance.*

1. *Appeal from Recorder's Court; motion to quash proceedings.*—When a person, who has been arrested, without affidavit or warrant, for the violation of a city ordinance, appears before the Recorder, and without objection pleads not guilty, and is tried and fined, he is presumed to have waived the want of an affidavit or warrant of arrest; and on appeal to the City Court a motion to quash the proceedings in that court, on the ground that the prosecution was commenced without affidavit or warrant, comes too late, and is properly overruled.

2. *Variance between complaint and summons.*—When, in a prosecution for the violation of a city ordinance, the summons to the defendant commanded him to appear before the Recorder and answer the charge of "disorderly conduct and fighting," and the complaint filed in the City Court, on appeal, averred that the defendant "participated in a fight," the variance is immaterial, and a demurrer to the complaint on the ground of such variance is properly overruled.

3. *Filing of complaint.*—A complaint may be filed in the City Court on appeal any time before the trial.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The appellant was tried and convicted before the Recorder of the city of Anniston for a violation of ordinance 317, which ordinance was in the following language: *"Affrays.—* Any person who engages or participates in any fight or

affray, must, on conviction, be fined not less than one nor more than one hundred dollars." An appeal was taken from the judgment of the Recorder to the City Court. Upon the filing of the complaint in the City Court, the defendant demurred thereto, on the ground that there was a variance in the complaint as filed and the summons as originally issued. This demurrer was overruled, and the defendant duly excepted.

Upon the trial of the case in the City Court of Anniston, the plaintiff introduced in evidence ordinance No. 317 as above copied, and ordinance No. 102, which was in the following language: "Recorder, judge of law and facts.—In trials before the recorder for violation of city ordinances, the recorder shall determine both the law and facts, and justice shall be speedily administered by him. No statement of the offence need be made other than that contained in the summons, or affidavit and warrant of arrest, and if the defendant has been arrested without warrant, the entry on the recorder's docket of the offense charged shall be treated as such statement."

All the other facts necessary to an understanding of the questions decided by the court are sufficiently stated in the opinion. The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff. The defendant brings the present appeal, and assigns as error the rulings of the court upon the pleadings, and the judgment rendered in behalf of the plaintiff.

McLEOD & TUNSTALL, for appellant.—1. A prosecution must be commenced either by affidavit and warrant, or by indictment of the grand jury, and it cannot be commenced by summons.—4 Amer. & Eng. Encyc. of Law, 730; 1 Bishop Crim. Procedure, (3d Edition), § 30. 2. Two offences of different character and of different mode of trial and punishment, can not be joined together in the same indictment or summons.—*Adams v. State*, 55 Ala. 143; *Little v. State*, 89 Ala. 99. 3. The offence alleged in summons, and the one upon which defendant was tried, must be the same. If there is a variance in this, it will prove fatal to the prosecution.

JOHN PELHAM, *contra*.—The motion to quash came too late.—*Noles v. Marable*, 50 Ala. 366; *Beck v. Glenn*, 69 Ala. 121; *Perry v. Hurt*, 54 Ala. 285.

[Aderhold v. Mayor and City Council of Anniston.]

HARALSON, J.—The charter of city of Anniston as amended, (Acts 1890–91, p. 109, § 3) provides, that in cases of appeal from the recorder, "The proceedings on such appeal shall be in all respects as prescribed by law in cases of appeals from judgments of a justice of the peace in *civil cases*, except as changed by this section.  ·  ·  ·  ·  ·  In case the defendant appears, and judgment is rendered by said court for money, the court must also render judgment against the sureties on his appeal bond, for the amount of such judgment and costs."

Two ordinances of said city, Nos. 102 and 317, were introduced, and are set out in the record.

The defendant was arrested, so far as is shown, without affidavit or warrant.  He appeared before the recorder, at his office, at the time to which he was summoned, "to answer to the charge of disorderly conduct."  He pleaded not guilty, was regularly tried on that issue, on evidence introduced on both sides, and was fined and sentenced by the Recorder. He appealed to the City Court of Anniston, in the manner prescribed by the charter, where, as we have seen, the case is required to be tried as appeals in civil cases from justices of the peace are tried.

Coming to the City Court, the plaintiff filed a complaint as in civil cases, claiming the amount of the judgment and costs imposed on defendant by the recorder, for violation of said ordinance, No. 317, of said city, averring that the defendant, within twelve months before the 11th of November, 1891, participated in a fight, in violation of said ordinance, for which he was duly tried, convicted, and fined by the recorder.

The defendant moved to quash the proceedings in the City Court, on the grounds, that the prosecution was commenced without affidavit and warrant, and because two distinct offenses are charged in one.  He also moved to strike the complaint from the file, because not filed in thirty days, and demurred to it.

The motion to quash was properly overruled.  Not having raised these objections in the Recorder's court, but having there voluntarily appeared to answer the charge, and having pleaded and gone to trial, the defendant waived them, if they existed, and could not raise them for the first time in the City Court, on a motion to quash.—*Blankenshire v. State*, 70 Ala. 10; *Staggers v. Washington*, 56 Ala. 225; *Noles v. Marable*, 50 Ala. 366; *Miles v. State*, 94 Ala. 106; 11 So. Rep. 403.  The statute requires such case to be "tried *de novo*, and according to equity and justice, without re-

gard to any defect in the summons or other process or proceedings before the justice."—Code, § 3405; Ordinance 102 of City of Anniston.

It was proper to allow the complaint to be filed, at any time before the trial. It charged the defendant with participating in a fight, or affray, and the summons was, to answer for disorderly conduct and fighting. This slight variance was immaterial. Even where imperfections of a graver character exist in the complaint, before the justice, it is competent, where there has been an offence charged, to cure them in the complaint in the appellate court. *Williams v. The State*, 88 Ala. 82; *Blankenshire v. The State, supra.* There was no error in refusing to strike out the complaint, and in overruling the demurrer to it.

The evidence in the case made out a clear case of guilt against the defendant.

Affirmed.