# Benson v. The State.

*Proceedings on Habeas Corpus.*

1. *Indictment; when it only charges forgery in second degree.*—An indictment for the forgery of a bank check which fails to aver that the bank on which the check was drawn was an incorporated bank or banking company, charges only forgery in the second degree.

2. *Presumption; when does not arise.*—The lack of an averment in an indictment for forgery that a drawee bank is incorporated is not supplied by a mere presumption of its corporate existence arising from the name used to designate the drawee, since such presumption, if it exists, is not a conclusive one.

3. *Habeas corpus; in proceedings by not permissible to go behind judgment of conviction.*—On the collateral inquiry raised by *habeas corpus* proceedings by a person convicted of crime, it is not permissible to go behind the judgment and show by proof addressed to the merits of the cause that the defendant was improperly convicted.

APPEAL from City Court of Montomery.

Tried before Hon. A. D. SAYRE.

The defendant was convicted and sentenced to the penitentiary for forgery. He sued out the writ of *habeas corpus* to test the validity of the judgment of conviction. His contention was that the indictment against him was for forgery in the first degree and that the verdict was "guilty as charged in the indictment." and the sentence was for only thirty months, when the lowest sentence in first degree forgery is ten years. The indictment charged forgery of a bank check drawn on the Farley National Bank, but did not allege the bank was incorporated.

[Benson v. The State.]

J. J. WOODWARD, for appellant.—(1). The court cannot impose a sentence of greater *or less* severity than that commanded by law.—*Brown's Case*, 47 Ala. 49; *Ex parte Brown*, 102 Ala. 179; *Cousins v. State*, 50 Ala. 116; *Ex parte Moore*, 62 Ala. 471; *Ex parte Bernest*, 62 Cal. 524. (2). When a sentence is void *habeas corpus* is the remedy.—*Ex parte McKivett*, 5 Ala. 238; *Ex parte Reynolds*, 87 Ala. 138; *Ex parte Moore*, 62 Ala. 471; *Ex parte Hardy*, 68 Ala. 303.

CHAS. G. BROWN, Attorney-General, for the State, cited, *Ex parte Robertson*, 26 So. Rep. 645; *Kitt v. State*, 117 Ala. 213; *Thompson v. State*, 26 So. Rep. 141.

Appeal from order of Judge of Montgomery City Court refusing discharge on *habeas corpus.*

SHARPE, J.—Without an averment that "The Farley National Bank of Montgomery, Ala.," the drawee of the forged check, was an "incorporated bank or banking company" the indictment under which the petitioner was convicted charged forgery only in the second degree. Code § § 4719, 4720.

The fact of the drawee bank's incorporation being a necessary element in the higher degree of forgery the lack of its averment is not supplied by a mere presumption of its corporate existence arising from the name used to designate the drawee, since such presumption, if any exists, is not a conclusive one.

On the collateral inquiry raised by *habeas corpus* proceedings it was not permissible to go behind the judgment and show by proof addressed to the merits of the cause that the defendant was improperly convicted. *Kirby v. State*, 62 Ala. 51.

The verdict finding the defendant guilty as charged in the indictment, was an ascertainment that he was guilty of forgery in the second degree, and the sentence and judgment following the verdict in that respect were proper. The judgment appealed from will be affirmed.