[Mayor and Aldermen of Birmingham v. O'Hearn.]

# Mayor and Aldermen of Birmingham v. O'Hearn.

## Prosecution for Violating City Ordinance.

(Decided Dec. 20th, 1906.   42 So. Rep. 836.)

1.  *Municipal Corporations; Ordinances; Violation; Prosecution.*— The statement of a cause of complaint filed by the city attorney in the appellate court does not supply the defect arising from a failure to file and furnish on demand of defendant a written complaint in the police court. ·

2.  *Same; Written Complaint; Sufficiency.*—The entry by a police judge on his docket of the charge against one prosecuted for a violation of a city ordinance, cannot take the place nor perform the office of a written complaint charging the violation.

3.  *Same.*—Under the common law, by the statutes, and under the Constitution, one is entitled to a written complaint setting forth the charge, whether the prosecution is a criminal offense or a civil action or partakes of the nature of both.

4.  *Same; Waiver.*—A person charged with the violation of a municipal ordinance, waives his right to demand a written complaint if he proceeds to trial in the police court without making such demands.

5.  *Same.*—A city is not liable for the costs of the prosecution on the acquittal of one charge with the violation of the city ordinance in an appellate court.

APPEAL from Jefferson Criminal Court.

Heard before Hon. D. A. GREENE.

J. E. O'Hearn was acquitted in the criminal court on a charge of having violated an ordinance of the city of Birmingham, and the mayor and aldermen of the city appeal.   Reversed, corrected, and, as corrected, affirmed.

E. D. and J. Q. SMITH, for appellant.—Municipal prosecutions are quasi criminal only and do not come within the terms of constitutional provision that the criminal has the right to demand the nature and cause

of the accusation.—*Withers v. The State,* 36 Ala. 252; *Williams v. Augusta,* 49 Ga. 509; *McEnnery v. Denver,* 17 Col. 302; *Greeley v. Harrimon,* 12 Col. 94; *Ex parte Slattery,* 3 Ark. 484; *Hill v. Mayor, etc.,* 72 Ga. 314; *State v. Robitshek,* 60 Minn. 123; *Monroe v. Hardy,* 46 La. 1232. There is nothing in the common law which requires in actions of this character that a formal complain in writing be preferred.—15 A. & E. Ency. P. & P., p. 412; 4 Blackstone 280; McQuillan's Munic. Ordinances, secs. 303-305-322; Dillon's Munic. Corp. 410; 411. Our court had never held the necessity for a formal written complaint.—*Brown v. Mobile,* 23 Ala. 722; *Mobile v. Rouse,* 8 Ala. 515; *Ahlrich v. Cullman,* 130 Ala. 439; *Furman v. Huntsville,* 54 Ala. 263; *Case v. Mobile,* 30 Ala. 438; *Goldthwaite v. Montgomery,* 50 Ala. 486.

GASTON & PETTUS, for appellee.—The arrest in this case was clearly without authority of law and void.—*In re Way,* 41 Mich. 304; *Quinn v. Heisel,* 40 Mich. 376; 2 A & E. Ency. of Law, 869. An officer cannot arrest without warrant for a violation of a municipal ordinance not committed in his presence.—3 Cyc. 883, notes 81-2 and 3; *Shanley v. Webb,* 71 Ill. 78. Municipal courts derive their authority from legislative enactment and their procedure must be in conformity to the state or common law unless provided otherwise in their charter.—15 Ency. P. & P. 411. At common law no authority existing for the arrest of the party without a warrant for misdemeanor except a breach of the peace committed in the presence of an officer.—3 Cyc. 883-4; 15 Ency. P. & P., 423; 4 Blackstone, p. 237. No warrant shall issue to seize any person without probable cause supported by oath or affirmation.—Sec. 5, article 1, Const. 1875; *Williams v. The State,* 44 Ala. 43; *Washington v. The State,* 82 Ala. 31; *Ex parte Thomas,* 100 Ala. 102. The statutes of the State regulate the method of making arrests.—Secs. 5209-5210 and 5211. These sections apply to a policeman or town marshall.—*Ex parte Bizzell,* 112 Ala. 214; *Martin v. The State,* 89 Ala. 118; *Hayes v. Mitchell,* 69 Ala. 453; *Williams v. The State, supra; Jones v. The State,* 100 Ala. 90; *Gambill*

*v. Schmuck,* 131 Ala. 331. There is no authority grant-
ed in the charter to a policeman to arrest without a
warrant.

TYSON, C. J.—The appellee was arrested by a police
officer of the city of Birmingham without a warrant for
violating an ordinance of said city making vagrancy an
offense. No complaint of any kind was filed in the po-
lice court charging him with this offense. He was forced
to submit to a trial against his objections, simply upon
a statement entered upon the docket of the police judge,
showing his alleged offense to be that of violating sec-
tion 622 of the City Code, coupled with the oral state-
ment of the police judge that section 622 of the City
Code defined the offense of vagrancy and provided for
its punishment. The judge, in response to defendant's
demand for a copy of the accusation against him and
to know the nature of the accusation, offered to furnish
to his counsel a copy of the docket entry, which was re-
fused, because insufficient and not in compliance with
law. Upon the court's refusal to furnish a complaint, or
any further copy of the accusation than the copy of the
docket entry, the defendant's discharge was demanded
and denied. After the conviction, on appeal, the ques-
tion of the right and jurisdiction of the police court to
proceed in the manner indicated above was raised and
adjudged by the appellate court to have been errone-
ous, resulting in the discharge of the defendant.

It will scarcely be doubted that, if a written com-
plaint was necessary in the police court to a proper
hearing and determination of the case, the statement of
the cause of the complaint filed by the attorney for the
municipality in the appellate court was totally ineffect-
ual to supply the defect.—*Miles v. State,* 94 Ala. 106, 11
South. 403; *Butler v. State,* 130 Ala. 127, 30 South. 338.
Nor can it be doubted that the entry upon the docket
of the police judge was entirely wanting in the essen-
tial requisites of a complaint, should it be conceded that
the entry could, under any circumstances, perform the
office of a complaint. So, then, the correctness of the
rulings here sought to be reversed are dependent upon
the solution of the question whether the defendant was

entitled, upon demand, to be apprised of the nature and character of the proceeding instituted against him by a written complait. If the proceeding was for the prosecution of a criminal offense, the right "to demand the nature and cause of the accusation and to have a copy thereof" was secured to him by the Constitution.—Article 1, § 6, of the Constitution of 1901; *City of Selma v. Stewart,* 67 Ala. 338, 340; *Telheard v. City of Bay St. Louis,* (Miss.) 40 South. 326. If it was in its nature and character purely civil, his right to a written complaint was secured by the statute. If it was neither civil nor criminal, but partook of the nature of both, then the right was secured by the common law, in the absence of a statute depriving him of it. It is not insisted that any such statute exists.—Horr & Bemis on Municipal Ordinances, § 172; McQuillan on Municipal Ordinances, § 314; *Prell v. McDonald,* 7 Kan. 426, 12 Am. Rep. 423, and authorities there cited. See, also, *Case v. Mayor of Mobile,* 30 Ala. 538; *Town of Camden v. Bloch,* 65 Ala. 236. So, then, whatever point of view we may take of the proceedings in the police court, the defendant's demand for a complaint could not be rightly denied him, and the holding of the criminal court on this point was correct. It may not be amiss to say that, had the defendant proceeded to trial in the police court without making the demand for a complaint, he would be held to have waived it.—*City of Selma v. Stewart, supra; Aderhold v. Mayor, etc., of Anniston,* 99 Ala. 521, 12 South. 472.

It appears from the judgment that the municipality was taxed with the costs, and execution was awarded against it. In this there was error, for which the judgment will be reversed and corrected.—*City of Selma v. Stewart, supra,* and authorities there cited.

Reversed and corrected, and, as corrected, affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.