# Arzumanian *v.* City of Birmingham.

*Violating City Ordinance.*              4.1.1

(Decided Feb. 3, 1910.    51 South. 645.)

*Constitutional Law; Due Process; Prosecutions; Affidavit or Complaint.*—Every interference with life, liberty or property must be in accordance with due process, and there must be a record of some sort to justify the officers of the law in executing its mandate, and to support a plea of res adjudicata, or former jeopardy for the protection of parties; hence, where one is convicted of a violation of a city ordinance, and appeals from that conviction, the record must show the nature of the charge against him or the proceedings in the court from which the case was appealed, and if the record fails to show that a complaint was filed the conviction cannot be sustained.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Charles Arzumanian was convicted of violating a city ordinance and appealed to the criminal court where he was again convicted, and he appeals. Reversed and remanded.

C. B. POWELL, for appellant. The jurisdiction of the Jefferson criminal court depends on the several acts creating it, and a judgment founded on no warrant or written complaint is void.—*Thomas v. The State,* 70 Ala. 20; *Nichols v. The State,* 100 Ala. 23; *Wright v. The State,* 103 Ala. 95. The judgment of the police court was void, and hence, the criminal court acquired no jurisdiction.—*Wilborn v. Hertz,* 139 Ala. 557; *Sims v. The State,* 137 Ala. 79; *Streater v. The State,* 137 Ala. 93; *Sims v. The State,* 410 South.

J. Q. SMITH; for appellee.—When the record does not set out the evidence on which the decision of the court below was founded, the court will presume that it jus-

tified the decision.—*The State v. Posey*, 79 Ala. 45. The Supreme Court on appeal will make all reasonable presumptions in the absence of evidence to support the judgment of the lower court.—*The State v. Posey*, 79 Ala. 45. The appellant assigns as error rendition of the judgment, because no complaint was filed charging a public offense. There is nothing in the record to show that any motion was made to quash the proceedings, or demanding a written complaint; therefore, he waives his rights, and cannot be heard to complain. The record shows that he was tried on the charge of assault and battery, that he understood the charge and pleaded not guilty to it. It certainly cannot be argued that he did not know what he was charged with.—*Ader-hold v. Mayor, etc., of City of Anniston*, 12 So. 472. The court fined and sentenced the defendant according to Sections 1217, 1218, 1219 of the 1st Vol. Code 1907, and we think the lower court did not err in sentencing defendant. Where a trial court sentences a defendant to hard labor for nonpayment of costs, its failure to ascertain and insert in the judgment the amount of the costs is not reversible.—*Tolbert v. State*, 6 So. 284.

SAYRE, J.—This appeal is taken upon the mandatory record of a conviction in the criminal court of Jefferson county. There is no bill of exceptions. The appellant had been convicted in the police court of Birmingham and had removed his case by appeal to the criminal court. The nature of the charge against the appellant does not appear anywhere in the record of the proceedings of either court. The judgment entry recites that the defendant was found guilty as charged in the complaint. In the bonds for appeal, one given on the appeal to the criminal court, the other on the appeal to this court, the recital is that the appellant

had been convicted of an assault and battery. The first is made payable to the city of Birmingham, the second to the state of Alabama for the use of the city of Birmingham; thus indicating that the prosecution was for a violation of a municipal ordinance. The judgment of the criminal court recites a prosecution by the state of Alabama; thus indicating a prosecution under the criminal statute of the state. But the appellant did not commit himself to the regularity or jurisdictional validity of the convictions by executing such bonds as were required of him in order that he might have the judgments of conviction revised. In a government of law every interference with life, liberty, or property must be in accordance with due process, and there must be a record of some sort for the justification of the officers of the law in executing its mandate, and to support a plea of res judicata or former jeopardy for the protection of parties. There are circumstances under which an arrest may be made without a warrant, but the jurisdiction of the court to hear and determine must be invoked by an affidavit or complaint in writing to serve the purposes already indicated, and in order to meet the defendant's right to demand the nature and cause of the accusation against him, and have a copy thereof. In *Aderhold v. Anniston*, 99 Ala. 521, 12 South. 473, it was held that, where a person went to trial without objection before the recorder of Anniston on a verbal charge of violating a city ordinance, he must be presumed to have waived the want of an affidavit, and, on an appeal on which the case was to be tried de novo, a motion to quash came too late, and the defect in the proceedings might be supplied by filing a complaint. In *Blankenshire v. State*, 70 Ala. 10, the defendant was convicted before a justice of the peace on an affidavit so defective as not to charge an offense. The ruling

was, on the authority of *Tatum v. State*, 66 Ala. 465, and the sections of the Code construed therein, that on appeal to the county court, exercising in that case the powers of the circuit court, where the case was to be tried de novo, no objection could be made to any inaccuracy or imperfection in the proceedings before the primary court, and that it was the right and duty of the solicitor to file a complaint which was in the nature of an information at the common law. In *Miles v. State*, 94 Ala. 106, 11 South. 403, the defendant was convicted in the county court upon a complaint made under oath before a justice of the peace. On appeal to the circuit court, where the case was tried de novo, after demurrer sustained the court allowed the solicitor to file a complaint. It was held by this court that the affidavit having charged no offense, the rule that mere inaccuracies or imperfections in the proceedings in the county court cannot be taken advantage of on appeal where the case is to be tried de novo, would not be so extended as to authorize a prosecution in the circuit court on a mere statement of the solicitor. It was said that "An affidavit so defective in this respect as not to charge an offense, does not authorize the issue of a warrant of arrest, and furnishes no foundation for a prosecution to conviction, upon the affidavit or statement of complaint by the solicitor. * * * We find no warrant in the law of this state for putting a party upon trial upon a mere statement of the solicitor, unsupported by a sufficient complaint under oath, and warrant of arrest. The judgment of the court, sustaining the demurrer to the affidavit judicially determined that it charged no offense. With this judgment in force, declaring that the affidavit charged no offense, the defendant was entitled to be discharged.

In this state of the record we are unable to say of what offense the appellant was convicted—whether of an offense against the laws of the state or against the ordinances of the city of Birmingham. We say nothing of the proceeding before the judge of the police court. But on the considerations outlined, and in general accord with the cases to which reference has been made, we hold that a complaint should have been filed in the criminal court, and that there was error in putting the defendant on trial in that court in the manner shown by the record.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.