# Sherrod v. The State.

### Abusive Language.

(Decided June 30, 1916. 72 South. 540.)

1. **Indictment and Information; Nature of Accusation.**—A defendant may waive the right secured to him before conviction to demand the nature of the accusation against him.

2. **Court; Jurisdiction.**—The fact that defendant was arrested and tried without affidavit does not render the judgment of the recorder's court void for want of jurisdiction.

3. **Same; Person.**—Although as between courts of concurrent jurisdiction the first to take cognizance of the offense acquires jurisdiction which it may retain, to the exclusion of the other, yet where one issues process in a criminal action, and the other arrests the person, that court having jurisdiction of the person, though acquired by arrest without a warrant, may proceed to judgment, and its judgment is a complete bar to a prosecution in the other for the same offense.

[Sherrod v. The State.]

**4. Pleading; Sufficiency; Test.**—Where pleas are insufficient and not merely frivolous, the defect should be pointed out by demurrer rather than by motion to strike.

**5. Courts; Appellate Court; Review; Error of Law.**—Where the Court of Appeals holds that after a lawful arrest without warrant, and the giving of bond in the recorder's court, such an arrest and judgment was not a bar to a prosecution under warrant for the same offense in the city court, it is an error of law reviewable by the Supreme Court.

**6. Courts; Jurisdiction.**—The words 'taking cognizance", as between courts of concurrent jurisdiction means, in personal and criminal actions, that the first court must have acquired jurisdiction of the person before the rule of exclusion of jurisdiction of another court applies.

CERTIORARI to Court of Appeals.

Ed Sherrod was convicted of the offense of using abusive language, and from a conviction in the city court appealed to the Court of Appeals, which affirmed the judgment of the lower court. See *Sherrod v. State,* 14 Ala. App. 57, 71 South. 76. Whereupon he seeks certiorari to review the judgment and decision of the Court of Appeads. Writ awarded and the judgment of the Court of Appeals reversed and the cause remanded.

McENIRY & McENIRY, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

ANDERSON, C. J.— (1) It is conceded that the city court and the recorder's court of Bessemer had concurrent jurisdiction of the offense involved, and that the offense for which appellant was convicted in the city court included or was similar to the one for which the defendant had previously been tried in the recorder's court. It is also conceded that the police officer had the right, under the existing law, to arrest the accused without affidavit or warrant, and take him before the recorder for the offense with which he was tried, as being a violation of a city ordinance. The accused had the right, before conviction, to demand the nature and character of the accusation against him, but this he could waive.—*McKinstry v. City of Tuscaloosa,* 172 Ala. 344, 54 South. 629; *Dowling v. City of Troy,* 173 Ala. 468, 56 South. 118; *Birmingham v. O'Hearn,* 149 Ala. 307, 42 South. 836, 13 Ann. Cas. 1131; *Aderhold v. Anniston,* 99 Ala. 521, 12 South. 472.

(2) The fact that the accused was arrested and tried without an affidavit did not render the judgment in the recorder's court

void for want of jurisdiction.—*Brooke v. State,* 155 Ala. 78, 46 South. 491.

(3) The fact that a warrant was issued by the city court before the accused was arrested by the policeman for the violation of a city ordinance did not give the city court jurisdiction, to the exclusion of the recorder's court, as the recorder's court first acquired jurisdiction of the person. It is, of course, a general rule, where two courts have concurrent jurisdiction of a cause, the first one acquiring jurisdiction has the right to proceed to the exclusion of the other, but in personal or criminal actions the jurisdiction does not attach or become vested in the court issuing the process until jurisdiction of the person has been acquired, either by the service of process or a voluntary appearance. The law gave each of said courts jurisdiction of the subject-matter, but the jurisdiction of the person could be acquired only by service of its process, or a voluntary appearance of the defendant.— *Woolf v. McGaugh,* 175 Ala. 303, 57 South. 754; *Lamar v. Commissioners' Court,* 21 Ala. 772.

(4) The recorder's court having jurisdiction of the subject-matter and as the policeman had the right to arrest the accused without a warrant, the said recorder's court acquired jurisdiction of the person of the defendant, and had the right to proceed to judgment, notwithstanding that there was an outstanding unexecuted warrant against him from the city court when he was arrested by the policeman for violating a city ordinance. The pleas set up a complete bar to the prosecution in the city court.— *Brooke's Case, supra; Jackson v. State,* 136 Ala. 96, 33 South. 888. If the pleas were not fully sufficient, the defect should have been suggested by demurrer, and not by a motion to strike.

(5) The Court of Appeals concedes error in striking the pleas, but invokes the doctrine of error without injury, upon the theory that the undisputed facts show that the recorder's court did not have jurisdiction to render the judgment set up because the city court first acquired jurisdiction. This court does not review the conclusion of the Court of Appeals upon the facts, or in the application of the law to the facts, and ordinarily will not review its action in the application of the rule of error without injury, but where, in the application of said rule, it is premised upon an erroneous statement of the law as set out in the opinion, we will revise the holding, especially when it invades the constitutional rights of the accused. In other words, the effect of the

holding, as disclosed by the opinion, is that the judgment rendered by the recorder was not a bar to the prosecution in the city court, because the recorder's court never acquired jurisdiction of the person of the accused, because there was no affidavit and warrant, although he had been arrested by a policeman, put in jail, and gave a bond returnable to the recorder's court before he was arrested, under the warrant from the city court, and notwithstanding the statute authorized the arrest by the policeman without affidavit and warrant. This was an error of law.— *Brooke's Case, supra.* Both courts had jurisdiction, under the law, of the subject-matter, and the first one that acquired jurisdiction of the person had the right to proceed to judgment, and the recorder's court first acquired jurisdiction of the person.

(6) As heretofore stated, we are aware of the soundness of the rule, laid down by the Court of Appeals in the present case, that where two courts have concurrent jurisdiction that one which first takes cognizance of the case has the right to retain it, to the exclusion of the other; and no other court can interfere and wrest from it the jurisdiction first obtained. "Taking cognizance," however, means that the first court must have acquired jurisdiction of the person, in personal and criminal actions, before the rule of exclusion as to the other court applies. In each case that we have examined upon the subject, wherein the rule was invoked, either the statement of facts or the opinion indicates that the court, whose jurisdiction was upheld to the exclusion of the other, had acquired jurisdiction of the person of the accused before the other court had done so.—*State v. Humphrey,* 125 Ala. 110, 27 South. 996; *Pippin v. State, ex rel. Attorney General,* 156 Ala. 185, 47 South. 266. Indeed it appears from the opinion in the cases of *Gustin v. State,* 10 Ala. App. 171, 65 South. 302, and *Harmon v. State,* 8 Ala. App. 311, 62 South. 438, that the Court of Appeals held that the other court was not excluded unless the court whose judgment was upheld had acquired jurisdiction of the person of the accused.

The writ of certiorari is awarded and the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration.

Writ awarded and reversed and remanded.

. McClellan, Somerville, Gardner, and Thomas, JJ., concur in the opinion. Mayfield and Sayre, JJ., concur in the conclusion.