(100 So. 304)

**WOFFORD OIL CO. v. CITY OF RUSSELLVILLE. (8 Div. 151.)**

(Court of Appeals of Alabama. May 20, 1924.)

Exceptions, bill of ⟨⟩43(1)—Failure to file bill of exceptions within time allowed necessitates dismissal of appeal.

Failure to file bill of exceptions within the 90 days allowed therefor, after rendition of judgment, necessitates dismissal of the appeal; such matter being jurisdictional.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Action by the City of Russellville against the Wofford Oil Company, to recover a privilege license. Judgment for plaintiff, and defendant appeals. Affirmed.

London, Yancey & Brower, of Birmingham, and William Milliken, of Florence, for appellant.

In view of the decision, it is not necessary that the brief be here set out.

William Stell, of Russellville, for appellee.

The bill of exceptions was not presented within 90 days and should be stricken. So. Ry. v. Carroll, 14 Ala. App. 374, 70 South. 984.

BRICKEN, P. J. Appellee brought suit against the appellant to recover a license for doing business as an oil company in the city of Russellville during the year 1922. Judgment was rendered for plaintiff in the sum of $100, and defendant appeals.

The cause is submitted in this court upon motion and merits; the motion being to strike the bill of exception upon the grounds that it was not presented to the trial judge within 90 days from the date of the rendition of the judgment in this cause. Upon examination we find that the judgment was rendered on the 5th day of June, 1923, and that the bill of exceptions was not presented to the trial judge until the 4th day of September, 1923. It thus appears that the facts stated in the motion are correct, and the motion to strike the bill of exceptions must be granted, as the question involved, that of the presentation of a bill of exceptions, is jurisdictional, and, unless presented to the trial judge as, and within the time, required by law, the appellate court is without authority to consider same.

The assignments of error noted upon this record are confined to questions presented by the so-called bill of exceptions. As the bill of exceptions is now stricken, for the reason stated, there is nothing before the court for review.

The judgment appealed from will stand affirmed.

Affirmed.

SAMFORD, J., not sitting.