114 So.2d 158

**Asbury HOWARD, Sr.**

v.

**CITY OF BESSEMER.**

6 Div. 709.

Court of Appeals of Alabama.

May 19, 1959.

Rehearing Denied June 9, 1959.

J. Howard McEniry, Jr., Bessemer, for appellee.

David H. Hood, Jr., Bessemer, and Arthur D. Shores, Birmingham, for appellant.

HARWOOD, Presiding Judge.

This is an appeal from a judgment of Honorable E. L. Ball, a judge of the Tenth Judicial Circuit (Bessemer Division) denying appellant's petition for release, in a habeas corpus proceeding, from the custody of the Chief of Police of the City of Bessemer.

Counsel for the City of Bessemer prior to submission of this appeal, filed a motion to dismiss same on the ground that the transcript does not bear the certificate of correctness of the trial judge as required by Section 369, Title 15, relating to appeals in habeas corpus cases.

An examination of the record shows that it bears the certificate of the official court reporter, dated 27 February 1959.

It further shows immediately following the reporter's certificate the following endorsements:

"Presented: This 27th day of February, 1959. E. L. Ball, Judge Presiding.

"Approved: This 27th day of February 1959. E. L. Ball, Judge Presiding."

The record further shows that the transcript was filed in the office of the Circuit Court on 27 February 1959, and the entire record was certified by the Clerk on 19 March 1959.

■ It is true that Section 369, supra, requires that the transcript of the evidence, in appeals in habeas corpus cases, "be certified to be correct by the judge or officer hearing the petition." It is also true that both this court and the Supreme Court have held this requirement to be mandatory, and a lack of such certificate requires dismissal of the appeal. Thomas v. State, 34 Ala. App. 160, 37 So.2d 245; Hughes v. State, 34 Ala.App. 657, 43 So.2d 321; McTyre v. State, 258 Ala. 637, 64 So.2d 601.

However, where, as in this case, the judge hearing the petition endorses on the transcript "Approved," then there is a compliance with the requirements of Section 369 of such a substantial degree as to negative the argument that the requirements of Section 369, supra, have not been met. To conclude otherwise we would have to indulge the presumption that the judge hearing the petition had approved an incorrect transcript.

The motion of the City of Bessemer to dismiss this appeal on the grounds asserted is therefore denied.

The appellant was arrested on 21 January 1959 for violating Section 72, of Chapter 25 of the 1954 Code of the City of Bessemer.

This ordinance is as follows:

"Sec. 25.72: Obscene, libelous, etc., publications.

"It shall be unlawful for any person to print, publish, circulate, sell, offer for sale, give away, deliver or expose to view, within the corporate limits of the city any newspaper, publication or handbill of an obscene, licentious, lewd, indecedent, libelous or scurrilous nature, or which contains any obscene, licentious, lewd, indecent, libelous or scurrilous article or matter, or any abusive or intemperate matter tending to provoke a breach of the peace, or any matter prejudicial to good morals. It shall be unlawful for any person to aid or abet the printing, publication, circulation, sale or giving away of a newspaper, publication or handbill of the aforesaid nature by knowingly advertising therein or giving financial aid thereto. (Code 1942, Ch. 16, Sec. 104.)"

At the trial in the Recorder's Court the appellant entered a plea of not guilty. After the City had completed its case, but before the appellant was placed upon the stand appellant filed what is labeled a "Motion to Dismiss." The grounds of this motion were: "1. For that no cause of action is stated on the card or piece of paper upon which this court can try this defendant; 2. For that the card or piece of paper upon which the defendant was lodged in jail is not a warrant or a complaint within the meaning of the laws of the State of Alabama and the laws of the United States of America, and violates the defendant's Constitutional rights." 3. (this ground asserts that the acts of the arresting officers were arbitrary as shown on the face of the card, and violative of defendant's Constitutional rights); "4. For that the defendant had committed no misdemeanor in the presence of the arresting officers nor was he en-

gaged in loud or boisterous conduct, but was at his place of business carrying on the operation of the same."

Appellant's trial in the Recorder's Court resulted in a judgment of guilty, and punishment was fixed at a fine of $100, and costs of $5, and 180 days hard labor for the City of Bessemer as additional punishment. All of the above punishment was within the permissible statutory limits.

As to the hearing in the habeas corpus proceedings below, we copy the following from the brief filed in appellant's behalf:

"During the hearing of the Habeas Corpus proceedings, Appellant attempted to show lack of jurisdiction of the Recorders Court by attempting to show that no Affidavit was made on which to base a complaint or warrant of arrest and that the Court refused to dismiss action on motion of appellant on grounds that the court did not have jurisdiction, in that no Affidavit was ever produced as a requisite for the Court's jurisdiction.

"During Appellant's hearing he also sought to show that the ordinance under which he had been convicted, was a violation of the constitutional guarantees of free speech and freedom of the press, and to aid appellant, it was necessary to have introduced as exhibits to Appellant's petition certain exhibits, among which was the transcript of the testimony of the Recorders Court."

The point first argued by counsel for the appellant is that the Recorder's Court lacked jurisdiction to try the appellant because of the absence of a written complaint filed against him.

 Prosecutions for violations of municipal ordinances are deemed quasi-criminal under the established doctrines of our cases. For this reason the rules relative to the necessity of written complaints in prosecutions for State offenses, or in appeals to the circuit court from convictions in a Recorder's Court, where the trial is de novo are inapplicable. Even in this latter situation jurisdictional recitals in the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the case, and on appeal a complaint signed by the City prosecutor is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation, although the record does not disclose an affidavit before the recorder. Ex parte State ex rel. Attorney General (McLasky v. State) 210 Ala. 458, 98 So. 708; Lee v. State, 10 Ala.App. 191, 64 So. 637; Fealy v. City of Birmingham, 15 Ala.App. 367, 73 So. 296.

In Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263, 267, the law relative to the requirement of a written complaint in a trial below before a municipal recorder is fully stated as follows:

"While one on trial in a recorder's court for the violation of a municipal ordinance is entitled to be apprised of the nature and cause of the prosecution against him by a written complaint (Mayor, etc., of City of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836, 13 Ann.Cas. 1131; McKinstry v. City of Tuscaloosa, 172 Ala. 344, 347, 54 So. 629), that an accused was arrested and tried in such court without a written complaint (affidavit) does not render the judgment there entered void for want of jurisdiction. Brooke v. State, 155 Ala. 78, 46 So. 491; Sherrod v. State, 197 Ala. 286, 72 So. 540. This for the reason that he may waive the right. 43 C.J. 459.

"If the defendant proceed to trial in such court without demanding such complaint he is held to have waived the right and, later on appeal, he cannot for the first time avail of it. Aderhold v. City of Anniston, 99 Ala. 521, 12 So. 472; McKinstry case, supra; Sherrod case, supra; Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725; Wofford Oil Co. v. City of Russellville, 20 Ala.App. 14, 100 So. 304;

Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116; Arzumanian v. City of Birmingham, 165 Ala. 374, 51 So. 645.

"In order to abate the proceedings in the appellate court because of the lack of an affidavit before the recorder the transcript must affirmatively show that objection to trial without one was seasonably interposed when accused was arraigned and tried in the recorder's court. No defect in the proceedings, other than want of jurisdiction apparent on the face of them, will subject the cause to dismissal on appeal. To authorize dismissal of the proceedings in the appellate court it must affirmatively appear that the judgment of the lower court was void for lack of jurisdiction. City of Selma v. Stewart, 67 Ala. 338, 340; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; 43 C.J. pp. 481, 484, §§ 711, 721.

"Therefore, unless the transcript on appeal does show a violation of this right to be tried on a proper written complaint it is regarded as having been waived and the objection is unavailing in the court to which the appeal proceeded. Oldham v. Town of Rogersville, 26 Ala.App. 372, 160 So. 272; McKinstry and Stewart cases, supra."

■ The "Motion to Dismiss" filed by the appellant in the Recorder's Court apparently attacks the sufficiency of the card or piece of paper as a substitute complaint, and we cannot see that it constitutes a demand for a complaint. This aside however, the motion was not filed until after the appellant had plead not guilty, and the City had presented its case. The necessity of a written complaint was waived by these acts under the clear principles above alluded to, and no error can be predicated on this aspect of this appeal.

Constitutionality of the Ordinance

■ In Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626, 627, it was held that the constitutionality of an ordinance under which the petitioner had been convicted may be determined in a habeas corpus proceedings, for if the ordinance be unconstitutional, then, "the court would have no jurisdiction, and the arrest, trial, and conviction of the defendant under a void ordinance would be a nullity, and the petitioner would be entitled to his discharge on habeas corpus."

Counsel for appellant assert that the ordinance now under consideration is void and unconstitutional because there can be no sufficient ascertainable standard of guilt, particularly as to that part of the ordinance relating to "any abusive or intemperate matter tending to provoke a breach of the peace, or any matter prejudicial to good morals."

■ We pretermit consideration of the alleged invalidity of this portion of the ordinance. This for the reason that there can be no question as to the validity of that portion of the ordinance making it unlawful to print, publish, circulate, sell, give away, deliver, or expose to view any publication, etc. of an obscene, licentious, lewd, indecedent article, etc.

These portions of the ordinance being valid, we are not authorized to declare the entire ordinance invalid if the alleged invalid portion is severable from the valid. City of Ensley v. Cohn, 149 Ala. 316, 42 So. 827; State ex rel. Clarke v. Carter, 174 Ala. 266, 56 So. 974.

As stated in A. Bertolla & Sons v. State, 247 Ala. 269, 24 So.2d 23, 25:

"One of the tests used to determine whether an act is or is not severable, so that a portion may be rejected, is that it ought not to be held wholly void unless the invalid portion is so important to the general plan and operation of the law in its entirety as reasonably to lead to the conclusion that it would not have been adopted if the legislature had perceived the invalidity of the part so held to be unconstitutional. Where

the valid and invalid parts are so bound together that the invalid part is a material inducement to the valid portion, the whole is invalid. Union Bank & Trust Co. v. Blan, 229 Ala. 180, 155 So. 612, and cases cited; 6 Ruling Case Law page 125, section 123."

Further, if the invalid parts can be stricken, leaving an act complete and independent within itself, it will be upheld as to its valid parts. James v. State, 21 Ala. App. 295, 107 So. 727.

Under these tests, we are clear to the conclusion that the portions of this ordinance which are valid are severable from those portions which appellant alleges are invalid, and we cannot declare the entire ordinance invalid.

This petitioner is held in custody by virtue of a final judgment of Recorder's Court of the City of Bessemer. That court had jurisdiction of the subject matter and of the accused, and its judgment is on its face regular. Under these conditions, our review cannot go into the sufficiency of the evidence to support the judgment. This is a matter to be considered on appeal. In other words, our review is confined to jurisdictional matters only. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Benson v. State, 124 Ala. 92, 27 So. 1.

On the hearing below on the petition for the writ of habeas corpus that court likewise was confined to matters pertaining to the jurisdiction of the Recorder's Court of the City of Bessemer. The record shows that the petitioner was committed to the custody of the Chief of Police of the City of Bessemer by virtue of the judgment of the Recorder's Court, valid on its face. The writ of habeas corpus cannot be used to replace a writ of error, or an appeal. Flowers v. State, 4 Ala.App. 221, 59 So. 238; Hardeman v. State, 19 Ala.App. 563, 99 So. 53. Nor can the writ be used to correct errors in a judgment if the jurisdiction of the court rendering the judgment is without question. The writ is against void, but not irregular or voidable judgments. Bray v. State, 140 Ala. 172, 37 So. 250; Ex parte Bizzell, supra; Bryant v. State, 15 Ala.App. 641, 74 So. 746.

The lower court therefore, in the habeas corpus hearing, properly disallowed evidence offered for the purpose of questioning the sufficiency of the evidence presented in the Recorder's Court to sustain the judgment rendered in that court. Axiomatically, such evidence cannot be considered by us.

The judgment of the lower court, denying the writ of habeas corpus, must be affirmed, and it is so ordered.

Affirmed.