218 So.2d 281

**James William MILLER**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 377.**

Court of Appeals of Alabama.

Jan. 7, 1969.

Wm. Conway, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

CATES, Judge.

Miller was accused of indecent exposure contrary to a Birmingham ordinance. He appealed from a conviction in the Recorder's Court. In the Circuit Court he was tried de novo with a jury.

He was found guilty, fined $100 and assessed additional punishment of ninety days imprisonment in the city jail.

## I.

■ The first assignment of error complains of the circuit court's overruling Miller's motion to quash the City Attorney's complaint for the trial de novo.

Complaint is made that Miller was arrested on a warrant sworn to by Donna Jean Lawson before James R. Davis described as "Magistrate of Recorder's Court."

Davis is averred to be a member of the police force of the city. His authority derives from an ordinance (64–48) based on Act No. 100, August 24, 1964.

The title of Act No. 100, Appendix 14A, § 1601 (129–145), Michie's 1958 Code, reads:

"To apply in and only in each city in this state having a population of 300,000 or more, according the last or any subsequent decennial federal census; to provide for the creation of the office of City Magistrate and the appointment of City Magistrates; to define the qualifications, powers and duties of City Magistrates; and to provide for search warrants and warrants of arrest."

The qualifications of the office of city magistrate laid down in said Act are:

"Section. 4. No person shall be appointed a city magistrate unless he be over the age of 25, a resident of the city for two or more years, of good moral character and have a high school education or its equivalent, except that any police officer with ten years service on the police force of the city and a present rank of at least lieutenant shall be deemed eligible for said appointment."

In its brief the City argues as follows:

" * * * There is absolutely no evidence in this case that appellant, when in Recorder's Court, made demand for a written complaint or for a different complaint than the one on which he was tried. If appellant proceeded to trial in Recorder's Court without demanding a written complaint, he is held to have waived the right to such complaint, and later on appeal, he cannot for the first time avail of it. Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263. Ipso facto appellant cannot now complain of the complaint on which he was tried."

In the *Chaney* case there were two questions certified to the Supreme Court. The second was:

" * * * Second, whether in order to invoke the jurisdiction of the next higher court on appeal from a recorder's court in a prosecution for violation of a municipal ordinance, the transcript must affirmatively disclose the affidavit upon which the accused was first tried in the subordinate tribunal."

The response on this point reads:

"Second. On appeal from a prosecution in a recorder's court for violation of a municipal ordinance, the record need not disclose the affidavit upon which accused was tried in the inferior court. A written complaint, duly filed by the city attorney, suffices to apprise the accused of the nature and character of the action against him.

"While one on trial in a recorder's court for the violation of a municipal ordinance is entitled to be apprised of the nature and cause of the prosecution against him by a written complaint (Mayor, etc., of City of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836, 11 Ann.Cas. 1131; McKinstry v. City of Tuscaloosa, 172 Ala. 344, 347, 54 So. 629), that an accused was arrested and tried in such court without a written complaint (affidavit) does not render the judgment there entered void for want of jurisdiction. Brooke v. State, 155 Ala. 78, 45 So. 491; Sherrod v. State, 197 Ala. 286, 72 So. 540. This for the reason that he may waive the right. 43 C.J. 459.

"If the defendant proceed to trial in such court without demanding such complaint he is held to have waived the right and, later on appeal, he cannot for the first time avail of it. Aderhold v. City of Anniston, 99 Ala. 521, 12 So. 472; McKinstry case, supra; Sherrod case, supra; Clark v. City of Uniontown, 4 Ala. App. 264, 58 So. 725; Wofford Oil Co. v. City of Russellville, 20 Ala.App. 14, 100 So. 304; Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116; Arzumanian v. City of Birmingham, 165 Ala. 374, 51 So. 645.

"In order to abate the proceedings in the appellate court because of the lack of an affidavit before the recorder the transcript must affirmatively show that objection to trial without one was seasonably interposed when accused was arraigned and tried in the recorder's court. No defect in the proceedings, other than wants of jurisdiction apparent on the face of them, will subject the cause to dismissal on appeal. To authorize dismissal of the proceedings in the appellate court it must affirmatively appear that the judgment of the lower court was void for lack of jurisdiction. City of Selma v. Stewart, 67 Ala. 338, 340; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; 42 C.J. pp. 481, 484, §§ 711, 721.

"Therefore, unless the transcript on appeal does show a violation of this right to be tried on a proper written complaint it is regarded as having been waived and the objection is unavailing in the court to which the appeal proceeded. Oldham v. Town of Rogersville, 26 Ala.App. 372, 160 So. 272; McKinstry and Stewart Cases, supra.

"Trial on appeal from a recorder's court is de novo and the entire transcript from the lower court need not be sent up. Bouyer v. City of Bessemer, 17 Ala.App. 665, 88 So. 192. It is held that the jurisdictional recitals of the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the cause (Ex parte McLosky, 210 Ala. 458, 98 So.

708; Lee v. State, 10 Ala.App. 191, 64 So. 637), and on appeal the complaint signed by the city prosecuting attorney is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation, although the record does not disclose an affidavit before the recorder. Fealy v. City of Birmingham, 15 Ala.App. 367(9), 73 So. 296."

It may be that to appoint a police officer as a City Magistrate may in the case of warrants either for arrests or searches breach constitutional bounds. State v. Furmage, 250 N.C. 616, 109 S.E.2d 563; State v. Paulick, 277 Minn. 140, 151 N.W.2d 591, and State v. Ruotolo, 52 N.J. 508, 247 A.2d 1.

However, the question is not before us because (1) the record fails to show that any objection was made in the Recorder's Court; (2) under Code 1940, T. 13, § 98, this court cannot pass adversely on the constitutionality of Act No. 100; and (3) nothing shows us that Davis was a city police officer.

## II.

■ Assignment of error 2 is argued to the effect that grounds 5 and 6 of appellant's demurrer to the City's complaint in the circuit court were apt.

The City attorney's complaint de novo filed in the circuit court reads in pertinent part as follows:

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that James William Miller, defendant, within twelve months before the beginning of this prosecution on, to-wit: December 31, 1966, and within the City of Birmingham at, to-wit: the west side of 77th Street at a point a few yards north of 2nd Avenue South did expose his person, to-wit, his private parts, in an indecent manner to * * * contrary to and in violation of Section 16–12 of the General City Code of Birmingham of 1964."

Grounds 5 and 6 of the demurrer read:

"5. That the Complaint charges in the words of the Ordinance and merely designates the offense, but does not characterize it by describing it in express terms its constituents; and by the mere words of the Ordinance there is no full, direct, and express allegation of the facts in the doing of which the offense consists.

"6. For that the defendant is charged with the violation of a City Ordinance and is by the Complaint unaware and in doubt of the nature and the character of the accusation against him."

We consider that these grounds do not point out any fatal defect in the complaint. It may be that the qualifying adverbs "wilfully and intentionally" should have been used to negative an innocent act of exposure. However, it would seem that such a point is implied from the expression "in an indecent manner." In Truett v. State, 3 Ala.App. 114, 57 So. 512, it was remarked " * * * the intent may be inferred from the recklessness of the act." See Baker v. State, 39 Ala.App. 221, 96 So. 821. Anno. 94 A.L.R.2d 1353.

### III.

■ Assignment of error 3 claims that the court below should have granted Miller's motion for new trial. This claim is sought to be justified on the ground of conflicting testimony on the part of the City's witnesses.

We quote from Cooper v. State, 31 Ala. App. 356, 18 So.2d 420:

" * * * Conflicting evidence should be reconciled by the jury, if possible, and if they can not reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which

they deem to be unworthy of belief. Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable. * * *"

### IV.

■ Assignments 4 and 5 are bottomed on the refusal of charges A and B, both affirmative in nature.

It is argued that the City failed to prove venue. However, we find no mention in brief that the claimed deficiency of proof of venue was brought to the trial judge's attention as required under Circuit Court Rule 35 which reads:

"35. Whenever the general charge is requested, predicated upon failure of proof as to time, venue, or any other point not involving a substantive right of recovery or defense, or because of some immaterial omission in the evidence of the plaintiff or defendant, the trial court will not be put in error for refusing said charge, unless it appears upon appeal, that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded. The trial court must permit proof of such omission at any time before the conclusion of the argument, upon such terms as the court may prescribe, not to exceed the cost of the session and a continuance of the case, one or both."

### V.

■ The sixth assignment relates to testimony of a Mrs. Gunnin who took a photograph. The answer to the question was made before objection was put. No motion to exclude the answer was argued.

We consider the judgment below is due to be

Affirmed.