BOWEN, Presiding Judge.
Russell Jackson II was convicted for assault by the Huntsville Municipal Court. He appealed to the circuit court, where he was found guilty of assault in the third degree and was sentenced to four days of community service. Jackson filed a petition for writ of habeas corpus, claiming that the complaint upon which he was convicted was “unverified,” making his conviction void in both the municipal and circuit courts. After the filing of answers, the circuit court granted Jackson’s motion for summary judgment based, on Ex parte Dison, 469 So.2d 662 (Ala.1984). In Dison, the Supreme Court held that a judgment based on an unverified complaint was void, *100 and thus, that the circuit court did not have jurisdiction to render a valid judgment in the defendant’s trial de novo. Four days after the entry of the summary judgment, Dison was overruled by City of Dothan v. Holloway, 501 So.2d 1136 (Ala.1986). Thereafter, the circuit court vacated the summary judgment and dismissed Jackson’s action.
On appeal to this Court, Jackson contends that his conviction is void and that the circuit court should not have vacated the summary judgment. He maintains that the municipal court did not have jurisdiction to try him because the complaint was unverified, “[n]o charges were ever sworn to, no warrant issued, and no service was ever made” upon him.
The applicable rule of law states: “Prosecutions for violations of municipal ordinances are deemed quasi-criminal under the established doctrines of our cases. For this reason the rules relative to the necessity of written complaints in prosecutions for State offenses, or in appeals to the circuit court from convictions in a Recorder’s Court, where the trial is de novo are inapplicable. Even in this latter situation jurisdictional recitals in the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the case, and on appeal a complaint signed by the City prosecutor is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation, although the record does not disclose an affidavit before the recorder.” Howard v. City of Bessemer, 40 Ala.App. 317, 320, 114 So.2d 158, cert. dismissed, 269 Ala. 474, 114 So.2d 164 (1959) (emphasis added).
In the instant case, the record shows that a written complaint, signed by the city attorney, was “filed in open court” on the date that the circuit court heard the appeal. Therefore, the requirement that the accused be apprised of the nature and character of the accusation has been satisfied.
“Furthermore, while one on trial from recorder’s court for the violation of a municipal ordinance is entitled to be apprised of the nature and cause of the prosecution against him by a written complaint, if an accused is arraigned and tried in such court without a written complaint, the judgment entered pursuant to such proceedings is not void for want of jurisdiction. If a defendant proceeds to trial in such court without demanding such complaint, he is deemed to have waived the right, and later on appeal he cannot for the first time avail of it. In order to abate the proceedings in the appellate court because of lack of an affidavit before the recorder, the transcript must affirmatively show that objection to trial without a written complaint was seasonably interposed when the accused was arraigned and tried in the recorder’s court. To authorize dismissal of the proceedings in the appellate court it must affirmatively appear that the judgment of the lower court was void for lack of jurisdiction.” Williams v. City of Birmingham, 41 Ala.App. 208, 211, 133 So.2d 713, cert. denied, 272 Ala. 671, 133 So.2d 718 (1961).
See Chaney v. City of Birmingham, 32 Ala.App. 4, 8-9, 21 So.2d 268 (1944), cert. denied, 246 Ala. 501, 21 So.2d 273 (1945); Howard v. City of Bessemer, 40 Ala.App. at 320-21,114 So.2d 158; Brooks v. City of Birmingham, 31 Ala.App. 579, 581-82, 20 So.2d 115, cert. denied, 246 Ala. 232, 20 So.2d 118 (1944); Cooper v. City of Daphne, 54 Ala.App. 555-56, 310 So.2d 479 (1975).
The City’s “Motion for Reconsideration to Alter or Amend a Judgment” states that “Mr. Jackson did not demand a sworn complaint in Municipal Court.” (Emphasis in original.) In his appellate brief, Jackson asserts that when he was initially tried in the municipal court “he objected to the fact that no sworn complaint was filed.” Appellant’s Brief, p. 1. This assertion is not supported by the record and it cannot be taken to supplement or refute the record. Nelson v. Hammonds, 173 Ala. 14, 55 So. 301, 303 (1911). This Court is bound by the record and “cannot consider assertions in brief not supported by the record.” Williams v. State, 383 So.2d 547, 561 (Ala.Cr.App.1979), affirmed, Ex parte *101 Williams, 383 So.2d 564 (Ala.), cert. denied, 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980).
In Ex parte: City of Dothan, supra, the Supreme Court held that if a complaint “is not verified and the defendant does not object to this defect before trial, then the objection to the court’s personal jurisdiction of the defendant has been waived.” 501 So.2d at 1139. Since it appears from the record that Jackson proceeded to trial without objecting to the unverified complaint, the objection to the defect has been waived and Jackson’s conviction is valid.
The order of the circuit court vacating the summary judgment and denying the petition for writ of habeas corpus is hereby affirmed.
AFFIRMED.
All Judges concur.