255 So.2d 602

**Michael Gary RENNOW, alias**

**v.**

**STATE.**

**7 Div. 96.**

Court of Criminal Appeals of Alabama.

Oct. 5, 1971.

Rehearings Denied Nov. 2, 1971.

Parker, Wilkinson, Montgomery & Gwin, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Rape: sentence, twenty years in the penitentiary.

I

Rennow's victim picked his photograph from those of a number of other men. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. She then swore out an affidavit before the District Attorney who thereupon issued a warrant for Rennow's arrest.

On May 28, 1970, Gadsden's Assistant Chief of Police, J. D. Longshore, armed with this warrant of arrest went to a hospital in Birmingham and finding Rennow, arrested him in a doctor's office. The officer and Rennow went upstairs to a room which had been assigned to Rennow.

There Rennow was told to change from his hospital garb to street clothes so that he would be suitably attired for the trip to Gadsden.

Rennow's trousers were lying over a traveling bag. Rennow reached into the bag and took out an undergarment.

At this point Longshore stopped Rennow's going into the bag. A search by the officer produced, among other things, the knife which was later introduced in evidence through the victim's testimony—over objection—as being the one used by Rennow to intimidate her while he ravished her. (State's Exh. 2, R. 49).

Rennow was about two and a half feet from the bag. Hence, no problem arises under Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, since demonstrably the bag was within the area of Rennow's "immediate control."

## II

■ A more serious question is presented by the arrest warrant's having been issued by the District Attorney, the chief prosecuting lawyer for the State within his judicial circuit, in this instance Etowah County.

Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; and Mancusi v. De Forte, 392 U.S. 364, 88 S. Ct. 2120, 20 L.Ed.2d 1154, both relying on Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, have in effect held that warrants issued by prosecuting attorneys are infirm because the inferences from the facts leading to the complaint are not drawn by a neutral and detached magistrate.

It necessarily follows that statutes such as Act 130 of June 26, 1951, [Michie's 1958 Code, T. 13, § 229(3)] must be considered as unconstitutional.[1]

## III

■ Though the writ of arrest was wrongly issued it does not follow that the arrest was invalid.

Longshore attended a meeting in the Sheriff's office at which the victim was shown a number of mug shots and from which she picked one of Rennow. Also he knew of the victim's having made complaint of rape, particularly in a formal affidavit which was attached to the District Attorney's invalid warrant for Rennow's arrest.

We consider, as did the trial judge, that the requisites for a felony arrest without a warrant were met. Any citizen may arrest for a felony. Therefrom flowed the right of the arresting officer to make a search within the limits laid down in Chimel, supra.

We have searched the record under Code 1940, T. 15, § 389, and consider that the judgment below is due to be

Affirmed.

---

[1]. § 4 of Act No. 100, Aug. 24, 1964, insofar as it permits a police officer to be appointed City Magistrate is probably invalid under Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, unless the appointment of a police officer terminates the appointee's association with "ferreting out crime." § 16 of that Act would not appear to be sufficient to accomplish the required detachment. The Court of Appeals noted the problem in Miller v. City of Birmingham, 44 Ala.App. 628, 218 So.2d 281.