Phillip Donald Stallworth was convicted of first-degree robbery and sentenced by the trial court to twelve years' imprisonment in the penitentiary.
James Little, the victim of the robbery in question, identified Stallworth, the appellant herein, as one of the two men who committed the robbery. In a signed statement to the police, the appellant confessed his participation in the crime. At trial, he claimed that his confession was false and presented an alibi defense.
The sufficiency of the evidence for conviction is not challenged on appeal. Instead the appellant contends that, for several reasons, the trial court erred in not suppressing his alleged confession.
A thorough suppression hearing was conducted by the trial court. The appellant contends that the evidence presented at the suppression hearing was insufficient to establish the validity of his arrest warrant. He argues, therefore, that his confession *Page 999 
should have been suppressed as the "fruit" of an illegal arrest. We disagree.
Sergeant Harry Faucett of the Birmingham Police Department investigated the instant robbery. He testified at the suppression hearing that, shortly after the robbery, the victim identified the appellant, from a "photographic line-up," as one of the two robbers. Faucett related this information to the magistrate and obtained a warrant for appellant's arrest. The appellant was thereafter arrested.
We need not reach appellant's arguments concerning the validity of the arrest warrant, because a warrant was not necessary in this instance. Section 15-10-3 (3), Code of Alabama 1975, authorizes an arrest without a warrant "[w]hen a felony has been committed and he [the arresting officer] hasreasonable cause to believe that the person arrested committed it." (Emphasis supplied.) Here, the robbery had definitely been committed and the victim's "photographic line-up" identification of the appellant supplied the "reasonable cause" sufficient to justify an arrest without a warrant. See, Rennowv. State, 47 Ala. App. 419, 255 So.2d 602, cert. denied,287 Ala. 741, 255 So.2d 604 (1971), cert. denied, 409 U.S. 842,93 S.Ct. 185, 34 L.Ed.2d 81 (1972); Turk v. State, 53 Ala. App. 106, 298 So.2d 37 (1974).
Because appellant's arrest was legal, the motion to suppress his confession as the "fruit" of an illegal arrest was properly denied.
In light of the extensive testimony at the hearing on the motion to suppress appellant's confession, including testimony from the appellant, himself, the trial court denied appellant's motion at trial for an additional voir dire hearing on the voluntariness of his confession. The appellant cites this ruling as reversible error. We disagree.
The trial court did not err in denying appellant's motion, because it already had sufficient evidence, and, for aught that appears in the record and in appellant's brief, all of the available evidence, necessary for a voluntariness determination.
Appellant's final argument is that his confession should have been suppressed because the evidence presented at the suppression hearing did not establish that it was given voluntarily.
It has been firmly established, and the appellant concedes, that a determination as to the "voluntariness" of a confession is a matter, which, in the absence of abuse, is properly left to the trial court's discretion. Tice v. State, 386 So.2d 1180
(Ala.Cr.App.), cert. denied, 386 So.2d 1187 (Ala. 1980), and cases therein cited; Williams v. State, [Ms. 6 Div. 761, May 31, 1983], (Ala.Cr.App. 1983), and cases therein cited;Bracewell v. State, 447 So.2d 815 (Ala.Cr.App. 1983). Nevertheless, the appellant contends that the trial court abused its discretion in this instance, because a determination that his confession was voluntarily given was contrary to the weight of the evidence (i.e., was not supported by a preponderance of the evidence). We disagree.
At the suppression hearing, Sergeant Faucett, the officer who took appellant's statement, testified that before he was questioned, the appellant was properly and thoroughly advised of his Miranda rights, the appellant said that he understood his rights, the appellant was not abused or threatened, or coerced to make a statement in exchange for a promise of reward or leniency, and the appellant signed the waiver of rights form. The appellant then voluntarily explained the details of the robbery. Faucett stated that appellant's version of the robbery was "essentially the same" as Mr. Little's (the victim's) version. Faucett wrote down appellant's version of the robbery, which the appellant read, verified, and signed. On cross-examination Faucett explained that before questioning the appellant about the offense, he asked background questions about appellant's education, and his physical and mental health and had the appellant *Page 1000 
read a portion of the Miranda form out loud to verify that he could, indeed, read.
The appellant testified that he initially told Faucett that he knew nothing about the robbery, that Faucett told him "it would be better" for him to tell Faucett what happened, that he, the appellant, could neither read nor write anything other than his own name, that he had an eighth-grade education in a "slow learner" class, that he never understood his Miranda
rights, and that his confession was false. On cross-examination by the state the appellant explained that he lied to Faucett, in admitting participation in the robbery, because he was scared.
At trial before the jury the trial court admitted appellant's confession over appellant's objection that its voluntariness had not been proven.
The standards of review applied when the trial court's "voluntariness" determination is challenged on appeal are well established and adequately outlined and discussed in Williamsv. State, supra. We have carefully applied these principles to the instant case in light of the conflicting evidence presented. We have concluded that, although there was evidence to the contrary (the appellant's own testimony), there was sufficient evidence to support the conclusion that appellant's confession was voluntarily and intelligently given. See,Williams v. State, supra; Bracewell v. State, supra. Therefore, the trial court did not err in admitting appellant's confession into evidence.
For the reasons stated, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.