[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 813 
The appellant, Larry McCammon, was convicted for the unlawful possession of a controlled substance in violation of the Alabama Uniform Controlled Substances Act. He was sentenced to fifteen years in the state penitentiary under the Alabama Habitual Offender Act.
William B. Beasley, an investigator with the Madison County Sheriff's Department, received information from a confidential informant that the appellant was growing several large marijuana plants on an upper level deck at his residence. Acting upon this information, Investigators Beasley and Wheeler, along with Deputy Medina, parked their cars about 75 feet from the appellant's residence. From this location, they could see three or four marijuana plants on the appellant's porch. The plants appeared to be three to four feet tall. Beasley also spotted additional marijuana plants through his field glasses. After identifying the contraband on the appellant's deck, they proceeded to seize the marijuana plants.
Beasley testified that the informant indicated that the removal of the plants from the apartment was imminent. Beasley and Medina walked around to the back of the residence to secure the plants, while Officer Wheeler went to the front door. The appellant's stepdaughter opened the door. The officers found that appellant was not home; they confiscated the marijuana plants and left.
Beasley testified that, in his judgment, it would have taken more time than he had available during daylight hours to secure and execute a search warrant and that the informant had given him information concerning the imminent disposition of the contraband. At the conclusion of the hearing on the motion to suppress the trial judge overruled the appellant's motion. At trial, the same testimony was elicited. Additionally, the State's drug chemist identified the substance in question as 272.2 grams of marijuana.
 I.
The appellant contends that the trial court erred in overruling defense counsel's motion to suppress. Specifically, the appellant argues that the warrantless search was unjustified. He maintains that the officers could have stopped and obtained a search warrant.
The Fourth Amendment prohibits searches without a warrant unless they fall within certain recognized exceptions. Those exceptions are plain view, consent, incident to lawful arrest, hot pursuit or emergency situations, where exigent circumstances exist coincident with probable cause, stop and frisk situations, and inventory search situations. SeeDaniels v. State, 290 Ala. 316, 276 So.2d 441 (1973);Wilkinson v. State, 374 So.2d 400 (Ala. 1979);Vogel v. State, 426 So.2d 863 (Ala.Cr.App. 1980),affirmed, 426 So.2d 882 (Ala. 1982), cert.denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335
(1983).
The "plain view" exception to the warrant requirement permits a warrantless seizure of evidence only when certain well-established prerequisites are shown to exist. A warrantless seizure is permissible if "the seizing officer (1) has prior justification for the intrusion, (2) comes upon the evidence inadvertently, and (3) immediately recognizes the object discovered as evidence of wrongdoing." Myers v.State, 431 So.2d 1342, 1344 (Ala.Cr.App. 1982), cert.quashed, Ex parte Myers, 431 So.2d 1346 (Ala. 1983). As set forth in McElroy v. State, 469 So.2d 1337
(Ala.Cr.App. 1985), the warrantless seizure of private possessions is authorized under the "plain view" doctrine if the following requirements are satisfied: (1) the police officer's initial intrusion must be lawful or he must properly be in a position from which he can view a particular area; (2) the officer must inadvertently *Page 814 discover the incriminating evidence, in other words, hecannot know the location of incriminating evidence in advanceand intend to seize it; and (3) it must be immediately apparent to the police that the items observed may be evidence of a crime, contraband, or otherwise subject to seizure. Such judgment must be grounded on probable cause; however, the officer need not be convinced beyond a reasonable doubt as to the incriminating nature of the evidence discovered. It is sufficient if the evidence raises the probability that criminal activity is afoot.
In the present case, reliance upon the "plain view" exception is inappropriate because there appears to be nothing inadvertent about the finding of the marijuana. Investigator Beasley testified on direct examination as to the information provided to him by the confidential informant:
"(MR. MORGAN)
 "Q. What information was provided to you at that time by the confidential informant?
"(WILLIAM BEASLEY)
 "A. He stated that Larry McCammon who resided at 4057 Summerhill had several relatively large marijuana plants growing on an upper level back porch or deck at the rear of his residence. We moved to the location on Rolling Hills; Summerhill runs off of Rollings Hills."
It is apparent from the testimony of Investigator Beasley that when the investigators parked their car to view the marijuana plants they knew the location of the incriminating evidence in advance and that they intended to seize the marijuana plants, thus making the "plain view" exception inappropriate. As stated in Coolidge v. New Hampshire, 403 U.S. 443, 470,91 S.Ct. 2022, 2040, 29 L.Ed.2d 564 (1971), "where the discovery is anticipated, where the police know in advance the location of the evidence and intend to seize it, the situation is altogether different." If the warrantless search of the appellant's apartment is to be justified under the facts of this case, it must fall within the exception of exigent circumstances coincident with probable cause.
It is clear from the record that the police officers had adequate probable cause to search the premises. Officer Beasley was acting on a confidential tip received from an informant, and the other two officers had observed marijuana on the appellant's porch. Officer Beasley testified that he had dealt with the particular informant on approximately 12 to 15 occasions in the past, and that his information was accurate and reliable. Furthermore, he testified that this informant's information had led to approximately nine arrests in the past. According to Illinois v. Gates, 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the traditional "totality of the circumstances" approach to probable cause is to be followed by the courts in cases involving confidential informants. " ' "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." ' " Dale v. State, 466 So.2d 196,199 (Ala.Cr.App. 1985), quoting Illinois v. Gates,supra, at 2328. An informant's veracity and basis of knowledge are considerations in determining probable cause, but may be weighed against each other so that a deficiency in one may be compensated for by a strong indication of the other.Illinois v. Gates, 462 U.S. at 233, 103 S.Ct. at 2329. " 'Courts have consistently held that an informant's track record [to establish credibility] is sufficiently established by showing (i) that on one or more prior occasions the informant indicated that a certain object, usually narcotics . . ., are concealed in a certain place, and (ii) that this information was verified as true by search which uncovered the specified items at the place indicated. This is a sound result. . . .' W. LaFave, 1 Search and Seizure, § 3.3, p. 510 (1978)." McBride v. State, 492 So.2d 654
(Ala.Cr.App. 1986). Further, as previously noted, the informant's tip was corroborated by the police officer's observation of approximately *Page 815 
three large marijuana plants on the appellant's deck.
The burden is on the State to prove sufficient exigent circumstances to overcome the presumption of unreasonableness which attaches to all warrantless home entries. Welsh v.Wisconsin, 466 U.S. 740, 750, 104 S.Ct. 2091, 2098,80 L.Ed.2d 732 (1984). This court has recently expanded on the nature of the exigent circumstances, per Presiding Judge Bowen, in Youtz v. State, 494 So.2d 189. "The possibility that evidence will be destroyed is an exigent circumstance widely recognized by the courts. [Citation omitted.] '[W]hen police officers have probable cause to search a residence for evidence, and they reasonably believe that such evidence is threatened with loss from any source, they may make a warrantless search of the premises in order to preserve and protect that evidence.' Note, Residential Searches toPrevent the Destruction of Evidence: An Emerging Exception tothe Warrant Requirement, 47 U.Colo.L.Rev. 517, 532 (1976); Comment, Residential Searches to Prevent Destruction ofEvidence: A Need for Strict Standards, 70 J.Crim.L. 
Crim. 255 (1979); [W. LaFave, 2 Search and Seizure, § 6.5(b)]." Id. Furthermore, in order to find the requisite exigent circumstances due to threatened destruction of evidence, courts have applied broad tests, such as whether the evidence is threatened with imminent removal or destruction. Id. As the reliability of this informant has already been established, his information pertaining to the imminent removal of the marijuana plants by the appellant sufficiently provides the necessary exigent circumstances. "Where there are exigent circumstances in which police action literally must be 'now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation." Roaden v. Kentucky,413 U.S. 496, 505, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973).
 II.
The appellant contends that the trial court erred in denying his motion to suppress his statement. Specifically, the appellant argues that because Investigator Beasley testified that he did not recall whether the defendant appeared to be under the influence of intoxicants, the State failed to show that the statement was made voluntarily.
The voluntariness of an alleged confession is a question of law addressed to the trial court, whose ruling will not be disturbed on appeal unless it appears to be contrary to the great weight of the evidence or is manifestly wrong. Ticev. State, 386 So.2d 1180 (Ala.Cr.App.), cert.denied, 386 So.2d 1187 (Ala. 1980); Garrison v.State, 372 So.2d 55 (Ala.Cr.App. 1979); Moore v.State, 469 So.2d 1308 (Ala.Cr.App. 1985). The trial judge, in determining the voluntariness of a confession, must consider all the attendant circumstances, with the ultimate inquiry being "whether the defendant's" rational intellect and free will were overcome at the time of his confession. Green v.State, 439 So.2d 816 (Ala.Cr.App. 1983). However, in order for intoxication to render a confession inadmissible, it must be shown that the mind of the defendant was substantially impaired when the confession was made. Moore v. State,415 So.2d 1210, 1214 (Ala.Cr.App. 1982), cert. denied,495 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982), and cases cited therein. The defendant's intoxication must amount to a "mania" which impairs the will and mind to the extent that the person confessing is unconscious of the meaning of his words; a lesser state of intoxication will not render the confession inadmissible. Boggan v. State, 455 So.2d 228
(Ala.Cr.App. 1984).
In the case sub judice, Investigator Beasley stated he did not recall whether the appellant appeared to be under the influence of intoxicants. The record is devoid of any indication that appellant was under the influence of intoxicants or that he was impaired by intoxicants. A determination as to the voluntariness of a confession is a matter which, in the absence of abuse, is properly left to the trial court's discretion. Stallworth v. State,
 *Page 816 445 So.2d 998 (Ala.Cr.App. 1984). Since the decision of the trial court was not contrary to the great weight of the evidence, it should not be disturbed on appeal.
 III.
Appellant also raises the issue of whether the State proved its case. Appellant argues that no evidence was produced to prove that the appellant owned the premises or the marijuana plants found in the appellant's apartment.
The record reveals that appellant and his wife lived at the residence where the marijuana was found. The confidential information gained by Investigator Beasley indicated that the plants were owned by the appellant, although appellant told Investigator Beasley that he was keeping the contraband for a friend.
The State presented both direct and circumstantial evidence tending to show the contraband belonged to the appellant. This court has repeatedly stated that the test which must be applied is not whether the circumstantial evidence excluded every reasonable hypothesis of guilt, but rather whether a jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Davis v. State,418 So.2d 959 (Ala.Cr.App. 1982); Jolly v. State,395 So.2d 1135 (Ala.Cr.App. 1981); Dolvin v. State,391 So.2d 133 (Ala. 1980); Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 87 (Ala. 1979). When reviewing the sufficiency of the evidence, this court must review the evidence before it in the light most favorable to the State and must not substitute its judgment for that of the jury. Gossett v. State, 451 So.2d 437
(Ala.Cr.App. 1984). The weight to be given testimony of the State's witnesses which was in direct conflict with the defendant's testimony was for the jury alone. Lowe v.State, 478 So.2d 322 (Ala.Cr.App. 1985); Waddle v.State, 473 So.2d 580 (Ala.Cr.App. 1985). This court will not disturb the findings of the trial court where the jury has passed on the credibility of evidence tending to establish guilt. Phelps v. State, 439 So.2d 727 (Ala.Cr.App. 1983).
In the present case, the State carried its burden of proof in presenting a prima facie case. The decision of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.