TAYLOR, Presiding Judge.
The appellant, Kathy Hester McVickers, was convicted of trafficking in marijuana, in violation of § 20-2-80, Code of Alabama 1975. She was sentenced to six years in prison.
The evidence presented by the State tended to establish that around 6:00 p.m. on February 23, 1987, the Franklin County Sheriff’s Department received information from a confidential informant that the appellant was involved in the transportation of drugs. Approximately four hours after the first tip, the officers received a second tip from the same informant. The information contained within the second tip revealed the location of the truck used to transport the drugs, as well as its color, model, and make. Although the informant had proved reliable in the past, the officers elected to drive to the residence to confirm the tip. The officers did not know who lived at the residence, or if the appellant had any connection to the residence. After watching the residence for several minutes, the officers concluded that no one was home. They then parked their vehicle in the driveway, and approached the house with flashlights in hand. The officers testified that they did not directly point their flashlights in the truck cab; however, they did cast a “glancing look.” Both men observed packages of what they recognized to be marijuana, in open garbage bags, on the seat. They then proceeded to the carport, where they were met by Lawrence Martie, the owner of the house. The officers told Martie that they had seen marijuana on the truck’s seat. After informing Martie that he was not a suspect, the officers questioned him about the ownership of the truck. Martie stated that the truck belonged to his stepdaughter, Kathy McVickers. Martie told them that Kathy had been at his house that evening and was expected back that night for an overnight stay. Martie then gave the officers permission to remain on the property and, thereby, to keep the truck under visual *1132 surveillance. Approximately one hour later, McVickers and a friend returned to the Martie residence. Both were in possession of alcoholic beverages, a violation of the local liquor laws of Franklin County. They were subsequently arrested for having illegal liquor in their possession. The officers recited the Miranda warnings to the suspects before telling them that they had observed marijuana in the truck. McVick-ers admitted that she had driven the truck to the Martie residence and that the marijuana belonged to her. The toxicology report, which was stipulated into evidence, established the amount of marijuana seized from appellant’s truck to be 93.33 pounds.
The appellant raises two issues on appeal.
I
The dispositive issue presented for review is whether the arresting officers lawfully seized the marijuana. The appellant presents several arguments in support of her contention that the trial court erred in overruling her motion to suppress the evidence of the marijuana.
Appellant contends that she had standing to challenge the court’s ruling receiving the evidence because she had a legitimate expectation of privacy in the truck.
Traditionally, a defendant in a criminal proceeding had standing to challenge the admission of evidence only if he or she could show that his or her own Fourth Amendment rights — and not those of some other person — were violated in the aquisi-tion of the challenged evidence. Seventeenth Annual Review of Criminal Procedure, 76 Geo.LJ. 687 (1988). However, as indicated by Judge Patterson in Ramires v. State, 492 So.2d 615, 618, n. 2 (Ala.Cr.App.1985), the separate inquiry into standing has been abandoned in favor of an inquiry focusing directly on whether the defendant “possessed a ‘legitimate expectation of privacy’ in the area searched.”
“A privacy expectation is reasonable if the defendant subjectively believes that the area or item is private and ‘society is prepared to accept as reasonable’ such an expectation of privacy. Considerations in determining the existence of a reasonable expectation of privacy include: whether the defendant has a pos-sessory interest in the object searched or seized; whether the defendant acted to ensure privacy; whether the defendant exclusively controlled the area searched; whether the item was in plain view; whether the defendant abandoned the item; whether the item was seized from a container that suggested its contents were private; and whether the defendant was legitimately on the premises searched. The defendant carries the burden of demonstrating such a reasonable expectation of privacy.” (Citations omitted.)
Seventeenth Annual Review of Criminal Procedure, 76 Geo.L.J. 688-92 (1988).
In Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the Supreme Court listed the factors necessary to establish a “legitimate expectation of privacy.” Justice Harlan, in a concurring opinion, stated as follows:
“[Tjhere is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as ‘reasonable.’ Thus a man’s home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the ‘plain view’ of outsiders are not ‘protected’ because no intention to keep them to himself has been exhibited.”
Id., 389 U.S. at 361, 88 S.Ct. at 516. More recently, this standard was reiterated in Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
The very reason for having a driveway or walkway leading to a house is to provide easy access for people to come and go from that house. Such areas are therefore merely “semi-private” in nature. United States v. Magana, 512 F.2d 1169, 1171 (9th Cir.), cert. denied, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975).
*1133 “People commonly have different expectations, whether considered or not, for the access areas of their premises than they do for more secluded areas. Thus, we do not place things of a private nature on our front porches that we may very well entrust to the seclusion of a backyard, patio or deck. In the course of urban life, we have come to expect various members of the public to enter upon such a driveway, e.g., brush salesmen, newspaper boys, postmen, Girl Scout cookie sellers, distressed motorists, neighbors, friends. Any one of them may be reasonably expected to report observations of criminal activity to the police_ If one has a reasonable expectation that various members of society may enter the property in their personal or business pursuits, he should find it equally likely that police will do so.”
State v. Corbett, 15 Or.App. 470, 516 P.2d 487, 490 (1973) (citations omitted). It is within the realm of possibility that MeVick-ers subjectively believed that she possessed an expectation of privacy in the truck while it was parked in her stepfather’s driveway. In light of the fact that appellant took no steps to ensure her privacy interest in the contents of her truck and left the marijuana in plain view, however, we deem that expectation unreasonable.
Appellant next argues that the seizure of the marijuana did not fall within the purview of the “plain view” exception to the warrant requirement, and she cites McCammon v. State, 499 So.2d 811 (Ala.Cr.App.1986), as support for her contention.
In McCammon, this court stated:
“The Fourth Amendment prohibits searches without a warrant unless they fall within certain recognized exceptions. Those exceptions are plain view, consent, incident to lawful arrest, hot pursuit or emergency situations, where exigent circumstances exist coincidently with probable cause, stop and frisk situations, and inventory search situations. See Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973); Wilkinson v. State, 374 So.2d 400 (Ala.1979); Vogel v. State, 426 So.2d 863 (Ala.Cr.App.1980), affirmed, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983).
“The ‘plain view’ exception to the warrant requirement permits a warrantless seizure of evidence only when certain well-established prerequisites are shown to exist. A warrantless seizure is permissible if ‘the seizing officer (1) has prior justification for the intrusion, (2) comes upon the evidence inadvertently, and (3) immediately recognizes the object discovered as evidence of wrongdoing.’ Myers v. State, 431 So.2d 1342, 1344 (Ala.Cr.App.1982), cert. quashed, Ex parte Myers, 431 So.2d 1346 (Ala.1983). As set forth in McElroy v. State, 469 So.2d 1337 (Ala.Cr.App.1985), the war-rantless seizure of private possessions is authorized under the ‘plain view’ doctrine if the following requirements are satisfied: (1) the police officer’s initial intrusion must be lawful or he must properly be in a position from which he can view a particular area; (2) the officer must inadvertently discover the incriminating evidence, in other words, he cannot know the location of incriminating evidence in advance and intend to seize it; and (3) it must be immediately apparent to the police that the items observed may be evidence of a crime, contraband, or otherwise subject to seizure. Such judgment must be grounded on probable cause; however, the officer need not be convinced beyond a reasonable doubt as to the incriminating nature of the evidence discovered. It is sufficient if the evidence raises the probability that criminal activity is afoot.”
Id., 499 So.2d at 813-14.
In McCammon, the officers had observed marijuana plants growing on a secluded upper level deck located on the back of a house, confirming an informant’s tip. This court held that the warrantless seizure was not justified because the officers knew the location of the marijuana plants in advance and intended to seize them. Hence, there was nothing inadvertent about the finding of the marijuana. The conviction in McCammon, however, was *1134 upheld on another exception to the Fourth Amendment warrant requirement.
We find McCammon to be distinguishable from the present case. In McCam-mon, the area from which the plants were seized was clearly not open to anyone who might pass by, and was one in which the defendants had a legitimate expectation of privacy, and thus, was subject to the Fourth Amendment guarantee against unreasonable searches and seizures. Here, the seizure took place in a driveway, which, as we said earlier is looked upon as a “semi-private” area. United States v. Magana, supra, 512 F.2d at 1171; State v. Pike, 143 Vt. 283, 465 A.2d 1348, 1351 (1983). See also United States v. Smith, 783 F.2d 648, 650 (6th Cir.1986) (no reasonable expectation of privacy and, thus, no Fourth Amendment violation when police drove 75 to 100 yards up driveway and saw marijuana growing next to house, when driveway was unobstructed and defendant made no effort to screen or enclose area).
It is the opinion of this court that, because the area in which appellant’s truck was located was only semi-private in nature, no Fourth Amendment violation occurred. Thus, the inadvertent discovery requirement discussed in McCammon has no application to the instant case. Moreover, when the police went onto the property of Lawrence Martie to ascertain the ownership of the truck, they were on an “investigative mission.” Such missions have been previously upheld by this court. Teat v. State, 409 So.2d 940 (Ala.Cr.App.1981); Franklin v. State, 357 So.2d 364 (Ala.Cr.App.), cert. denied, 357 So.2d 368 (Ala.1978). An investigative mission is as legitimate a societal purpose as census taking or mail delivery. Because it is reasonable to expect that various members of society will enter our property, on personal or business pursuits, it would be counter-intuitive for this court to bar the police from conducting investigatory missions on private properties. State v. Corbett, supra, 516 P.2d at 490. From the record, it appears that the officers had a “legitimate reason for being present” in the location when they observed the contents of the truck cab. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
When the officers went on the property of Lawrence Martie to conduct their investigation, they restricted their movements to places visitors could reasonably be expected to walk (e.g., walkways, driveways, porches). Observations made from such vantage points, which tend to incriminate, are not prohibited by the Fourth Amendment. See W. LaFave, 1 Search and Seizure § 2.3(f) (2d. ed. 1987).
Appellant further argues that the fact that the officers used a flashlight lends credence to her “noninadvertent discovery” argument. We disagree.
“Particularly in light of the Supreme Court’s declaration that diminished expectation of privacy surrounds the automobile because ‘[i]t travels public thoroughfares where both its occupants and its contents are in plain view,’ it is not surprising that the use of a flashlight or similar artificial illumination has been most readily upheld when it has permitted an officer to see objects inside a vehicle_’ [However],... [i]f the vehicle is parked on private property, the officer must have a legitimate reason for being on the property at the place where the flashlight viewings occur.”
W. LaFave, 1 Search & Seizure § 2.2(b) (2d ed. 1987). “Thus, an officer is not expected to ignore what is exposed to observation from a position where he is lawfully entitled to be, and he may view the vehicle’s interior from such a position.” State v. Lee, 633 P.2d 48, 51 (Utah), cert. denied, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981).
As previously discussed, the officers had a legitimate reason for being where they were. Accordingly, there was no Fourth Amendment violation. Therefore, the trial court correctly denied appellant’s motion to suppress the evidence of the marijuana on Fourth Amendment grounds.
II
The second issue raised by the appellant is whether there was any legal evi *1135 dence before the court which would justify a verdict of guilty. Specifically, appellant argues that there was no evidence offered at the hearing on her motion to suppress which would identify the material seized as being marijuana.
The appellant conceded that after her motion to suppress was ruled on for purposes of the bench trial, the toxicology report identifying the seized material as marijuana was stipulated into evidence. Reviewing the appellant’s brief, we find she cites no authority for her proposition that the trial court erred in not granting the motion to suppress on this basis. Therefore, her argument is deemed waived. Johnson v. State, 500 So.2d 494 (Ala.Cr.App.1986); Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984).
Based on the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, J., concurs specially with opinion.