On May 22, 1973, Ronald Rider was found lying dead on the floor of a service station, after having been shot in the head with a shotgun. Pardue confessed to killing Rider. The jury convicted Pardue of first degree murder, and Pardue was sentenced to life imprisonment. In my opinion, the evidence, without Pardue's confession, supports the jury's finding that Pardue murdered Ronald Rider. I find no error in the trial court's admission of Pardue's confession; therefore, I see no reason to overturn Pardue's conviction. I respectfully dissent from the majority's reversal of Pardue's conviction.
I disagree with the majority's holding that Pardue preserved the issue of the admissibility of his confession. As the majority notes, the proper method for raising the voluntariness issue is to make a timely motion to suppress and then to conduct a voir dire examination outside the presence of the jury. Goodson v. State, 540 So.2d 789 (Ala.Crim.App. 1988). Although Pardue conducted a voir dire examination of the investigator to whom he confessed, he failed to specifically object to the admission of the confession after the voir dire examination. To preserve for appellate review a trial court's ruling on the admission of evidence, including a confession, the defendant must timely object, stating the specific grounds for his objection. Gibbs v. State, 342 So.2d 448
(Ala.Crim.App. 1977); Goodson v. State, supra. This he failed to do. In my opinion, Pardue's ambiguous motion "to exclude any statement made" was not of the specificity needed to allow him to maintain on appeal that the trial court erred on the issue of admissibility. The proper time for a motion to exclude would have been after a previous, timely objection and after the trial court had admitted the confession into evidence. I believe that Pardue did not properly raise the admissibility issue before the trial court; consequently, it is my opinion that this Court should not hold the trial court in error for admitting Pardue's confession.
Moreover, even had Pardue preserved that issue, the circumstances surrounding his confession do not warrant a reversal of his conviction. The facts of the present case are distinct from those of Westover v. United States, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), upon which the majority relies. In Westover, the defendant was "interrogated at length" for approximately 14 hours before he confessed. The defendant was questioned by both the local police and the F.B.I. TheWestover court deemed the interrogation to be a "continuous period of questioning."
In contrast, Pardue was advised of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966); he signed a valid form acknowledging his waiver of those rights and then gave his confession. There has been no showing that Pardue was coerced, by "continuous questioning" or otherwise, into declaring that he killed Ronald Rider. Pardue submitted no evidence to indicate that the State had threatened or induced him to confess his guilt. I am unable to find any evidence that Pardue was denied his Miranda rights during the interrogation process. As I understand the facts here, Pardue failed to submit evidence showing how his Miranda
rights were violated or even that they were violated. The mere fact that Pardue had been held as a suspect before he confessed does not, in and of itself, indicate that his plea was involuntary.
While it is well settled that extrajudicial confessions are prima facie involuntary, they may be rendered admissible by a showing that they are voluntary. If the State can show that, under all of the surrounding circumstances, the confession was not induced by a threat or a promise, that confession is voluntary and admissible. Womack v. State, 281 Ala. 499,205 So.2d 579 (1967); Carden v. State, 612 So.2d 506 (Ala. 1992). The determination as to whether a confession was voluntarily made rests within the sound discretion of the trial court.Stallworth v. State, 445 So.2d 998 (Ala.Crim.App. 1984). This Court should reverse the trial court's determination on this issue only if that determination is "manifestly contrary to the great weight of the evidence." Ex parte Matthews, 601 So.2d 52
(Ala. 1992).
The investigator to whom Pardue confessed testified that Pardue confessed voluntarily, *Page 274 
and Pardue submitted nothing to contradict the investigator's testimony. In my opinion, the trial court's determination that Pardue's confession was voluntary is not "manifestly contrary to the great weight of the evidence." Ex parte Matthews, supra. Therefore, I respectfully dissent from the majority's holding; I would quash the writ as having been improvidently issued.
STEAGALL, J., concurs.