BASCHAB, Judge.
The State appeals from the trial court’s order suppressing evidence law enforcement officers seized during an encounter with the appellee, Robert Darien Davis.[1] The appellee filed a pretrial motion to suppress cocaine and marijuana law enforcement officers seized on the evening of March 6, 2005. After conducting a hearing, the trial court granted the appellee’s suppression motion. This appeal followed.
Lieutenant Dale O’Banion of the Montgomery Police Department testified that, on the evening of March 6, 2005, he responded to a shooting at Tulane Court; that, when he arrived, there were about 200 people in the area; that, while he was standing in the road trying to get information from his supervisors, Chief Art Baylor arrived on the scene; that the appellee was walking across the street and away from the crime scene with a beer can in his hand; and that Baylor told him to stop the appellee. He also testified that holding an open beer can was a violation of the open container law set forth in Municipal Ordinance Number 2000-670 and was a citable offense; that he walked toward the appel-lee; and that the appellee saw him, reached into his right front pants pocket, removed an object, and handed the object to Leslie Moore. O’Banion testified that Moore took the object in his right hand and placed it in his right front pants pocket; that, because the appellee was walking away from the crime and because he had not seen a weapon, he stopped Moore and put him against the wall; that, when he asked Moore what he had in his pocket, Moore said, “ ‘It ain’t mine’ ”; and that he reached into Moore’s pocket and pulled out a golf-ball sized clear plastic bag that contained a white powdery substance that he believed to be powder cocaine. (R. 14.) Finally, he testified that, at that time, the appellee was standing to his right and was pouring the contents of the beer can on the ground; that he told some other officers to take the appellee into custody; and that Officer S.R. Cooper took the appellee into custody.
Officer S.R. Cooper of the Montgomery Police Department testified that, on March 6, 2005, he responded to the scene of a shooting; that, while he was at the scene, O’Banion told him to arrest the appellee; that O’Banion told him that the appellee was being arrested for possession of cocaine; that, when he arrested the appellee, he asked the appellee if he had any knives *427 or anything that would harm him when he searched him; that, at that time, the ap-pellee told him that he had marijuana in his right front pocket; and that he retrieved the marijuana.
Sarah Wyatt testified that she was the appellee’s girlfriend; that, on the evening of the shooting, the appellee had been barbecuing; that she had put meat seasoning she had prepared in a beer can; that the appellee had had that beer can; and that the can did not contain any alcoholic beverages. She also testified that, after she learned about the shooting, she ran across the street; that she was not with the appellee when law enforcement officers arrived; that she did not see the appellee before he was arrested; and that she did not know what the appellee had in his hand at that time. Finally, Wyatt testified that the appellee told her that he had dropped the beer can and a fork when law enforcement officers told him to stop.
The State argues that the trial court erroneously granted the appellee’s motion to suppress.[2] During the hearing on the motion to suppress, the appellee argued that the officers arrested him for violating the open container law; that the officers did not have probable cause to arrest him because they could not determine whether the beer can actually contained beer; that he was not actually charged with violating the open container law; and that, therefore, the seizure of the cocaine and the marijuana was improper. At the conclusion of the hearing, the trial court stated that it would take the motion to suppress under advisement. Subsequently, it made the following entry on the case action summary sheet: “Suppression Motion Granted.” (C.R.2.)
In State v. Hill, 690 So.2d 1201, 1203-04 (Ala.1996), the supreme court stated the following with regard to standards of review to be applied when reviewing a trial court’s ruling on a motion to suppress:
“As a preliminary matter, we note that there has been some debate regarding the applicable standard of appellate review. In its unpublished memorandum, the Court of Criminal Appeals showed great deference to the trial court’s decision to suppress the evidence of the cocaine and marijuana. It stated:
“ ‘[A] trial court’s ruling on a motion to suppress will not be disturbed unless it is “palpably contrary to the weight of the evidence.” Patterson v. State, 659 So.2d 1014 (Ala.Cr.App.1995). The trial court is in a far better [sic] than this court to rule on the merits of a motion to suppress. Sullivan v. State, 23 AlaApp. 464,127 So. 256 (1930). The trial court’s ruling [on] the motion to suppress was not palpably wrong.’
“The State contends that the deference of the Court of Criminal Appeals to the judgment of the trial court was unwarranted. It claims that an appellate court should review de novo the trial court’s finding that ‘reasonable suspicion’ was lacking, because the facts in the case are not in dispute. We agree.
“The trial judge made his ruling following a hearing at which he heard oral testimony only from Officer Bailey. We stated in Ex parte Agee, 669 So.2d 102 (Ala.1995):
*428 “ ‘Where evidence is presented to the trial court ore terms in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Odom v. Hull, 658 So.2d 442 (Ala.1995). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415 (Ala.1994).’
“669 So.2d at 104. ‘Where the evidence before the trial court was undisputed the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to those facts.’ Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980) (citations omitted). The trial judge’s ruling in this case was based upon his interpretation of the term ‘reasonable suspicion’ as applied to an undisputed set of facts; the proper interpretation is a question of law.
“Hill counters with the argument that some facts are disputed, and he argues that the judge’s assessment of credibility was a key factor in his decision to suppress. It is true that, absent clear error, the trial court’s credibility choices on issues of fact at suppression hearings are binding on this Court. Powell v. State, 624 So.2d 220 (Ala.Cr.App.1998). However, Hill has not indicated what facts are in dispute. He presented no evidence at the hearing, and there was no evidence that conflicts with or tends to undermine the testimony given by Bailey. Hill also adopted the statement of facts as set out in the State’s brief, under Rule 39(k), Ala. R.App. P., adding only that the car was actually owned by Hill’s brother and that when it appeared that Heard might attempt to flee Bailey told Heard that he had a police dog in his vehicle, although Bailey had no such dog. But these two facts are not relevant to the question whether the officer had a ‘reasonable suspicion’ at the time he stopped the car. Thus, we review de novo the trial court’s ruling on the issue and the judgment of the Court of Criminal Appeals. Ex parte Agee, supra.”
(Emphasis added.)
The only ground the defense asserted during the hearing on the motion to suppress was its contention that the marijuana and cocaine should be suppressed because all of the evidence was seized as a result of an improper arrest. Initially, we note that the officers recovered the cocaine during a search of Leslie Moore, not the appellee. Also, the record indicates that officers detained and searched Moore before the appellee was stopped or arrested. Finally, the appellee did not attempt to challenge the detention or search of Moore. Accordingly, the trial court’s decision to grant the appellee’s motion to suppress as to the cocaine was clearly erroneous.
With regard to the marijuana, the appellee contended that the seizure of the marijuana was the fruit of an improper arrest. However, he based his argument on his assertion that he had been arrested for violating the open container ordinance; that that arrest was improper because the officers could not determine that the beer can actually contained beer; and that he was not actually cited for violating the ordinance. However, Cooper testified that O’Banion told him that the appellee was being arrested for possessing cocaine. Further, the defense did not present any conflicting evidence regarding the basis for *429 his arrest and did not challenge the validity of his arrest for possession of cocaine. Because the undisputed testimony during the suppression hearing indicated that the appellee was arrested for possessing cocaine rather than for violating the open container ordinance, the appellee’s argument in support of his motion to suppress was obviously without merit. Accordingly, the trial court’s decision to grant the ap-pellee’s motion to suppress as to the marijuana was also clearly erroneous.
For the above-stated reasons, the trial court erred when it granted the appellee’s motion to suppress the cocaine and marijuana law enforcement officers seized from Moore and the appellee. Accordingly, we reverse the trial court’s judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The appellee was charged with one count of unlawful possession of a controlled substance and one count of second-degree unlawful possession of marijuana.

. In his brief to this court, the appellee argues that "the State waived its right to object to the suppression of the evidence when they did not properly proceed by presenting evidence to justify the search." (Appellee's brief at p. 9.) However, the State did present evidence to support the validity of the seizure of the evidence and presented arguments against the granting of the motion to suppress. Therefore, the appellee’s argument is without merit.