WELCH, Judge.
The State of Alabama filed this pretrial appeal after the circuit court granted the motion filed by Haggai Harris, Jr., to suppress certain evidence.
On May 17, 2012, Harris was charged with driving under the influence (“DUI”), a violation of § 32-5A-191, Ala.Code 1975, and with leaving the scene of an accident, a violation of § 32-10-1, Ala.Code 1975. Harris was convicted of these charges in the Montgomery County District Court, and he appealed to the circuit court for a trial de novo.
On April 29, 2013, Harris filed a “Motion to Quash Arrest and to Suppress Evidence.” (Supp. R. 9.) In this motion, Harris cited caselaw and statutes intended to support the following assertions: 1) that State Trooper Thomas Hutton, the arresting officer, had no legal authority to arrest Harris for an offense committed outside Trooper Hutton’s presence and for which Trooper Hutton had no arrest warrant; and 2) Harris’s Fourth Amendment right to be protected from unreasonable searches and seizures was violated when Trooper Hutton .crossed the threshold of Harris’s private dwelling by entering into Harris’s open garage to access and knock on a door leading into Harris’s house; therefore, according to Harris, the evidence of Harris’s intoxication was obtained as a direct result of this illegal entry and should be suppressed. The State responded with an answer citing caselaw intended to support the denial of Harris’s motion. On May 8, 2013, the circuit court held a hearing on Harris’s motion.
At the May 8, 2013, hearing, the parties stipulated to the following facts.[1] On May 17, 2012, about 3:35 p.m., Trooper Hutton *88 was dispatched to the scene of a single-vehicle accident on Highway 31. At the scene, Trooper Hutton discovered a Ford Ranger truck that had been towing an automobile dolly carrying a Chevrolet Suburban; both the truck and the dolly were overturned when Trooper Hutton arrived. Two witnesses told Trooper Hutton that the driver of the Ford Ranger had left the scene following the accident, leaving the vehicle at the scene. Trooper Hutton got the vehicle registration from the glove compartment. The vehicle registration for the Ford Ranger listed Harris as its owner. As part of the accident investigation, Trooper Hutton went to the residence listed on the vehicle registration to speak with Harris. There were no cars parked in the driveway. The defense would not stipulate that the garage door was closed at this time, but the State asserted that this would be Trooper Hutton’s testimony. Trooper Hutton knocked on Harris’s front door but no one answered. Trooper Hutton returned to the accident scene. When Trooper Hutton finished clearing the accident site, at approximately 6:05 p.m.— approximately three hours after his initial arrival at Harris’s house — he returned to Harris’s house. At this time a car was parked in Harris’s driveway and Harris’s garage door was open. The garage was attached to the house — i.e., was part of the same structure. Believing that Harris may be at home, Trooper Hutton entered into Harris’s attached, open garage in order to knock on the door providing access into the residence from the garage. Trooper Hutton knocked on the door, and Harris’s son opened the door. This is where the stipulated facts end. The State proffered that it expected to present testimony that Harris’s son went into the house and returned to the door with Harris. Harris consented to speak with Trooper Hutton at Trooper Hutton’s patrol car. During their conversation at the patrol car, Trooper Hutton detected the strong odor of alcohol on Harris’s breath and person. Trooper Hutton had Harris perform field sobriety tests. Trooper Hutton determined that Harris was intoxicated. Harris was arrested for DUI and for leaving the scene of an accident.
Harris argued that Trooper Hutton did not have the authority to enter his garage to search for Harris without either an arrest warrant or a search warrant and that, by doing so, Harris’s Fourth Amendment Constitutional right prohibiting unreasonable searches and seizures was violated. Therefore, he argued, all evidence of his intoxication must be suppressed. The State argued that Trooper Hutton did not enter the garage for the purpose of conducting a search or seizure and that there was no search nor a seizure.
After hearing arguments regarding the legality of Trooper Hutton’s entry into the garage, the circuit court interjected its opinion that the legality of entry into the garage did not matter because the State would never obtain a conviction for DUI because no one saw Harris driving the Ford Ranger, and because, although it was alleged that Harris was intoxicated at approximately 6:00 p.m., the accident had occurred approximately three hours earlier. However, in regard to the motion to suppress, the circuit court stated that it was “familiar” with the caselaw presented by the defense, and it granted the motion to suppress. (R. 18.) The State appealed.
The State presents the two following issues on appeal: 1) whether the circuit court erred by granting Harris’s suppression motion based on the circuit court’s belief that the evidence was insufficient to convict Harris for DUI; and 2) whether the circuit court erred in granting the motion to suppress based on Trooper Hutton’s entry into Harris’s garage because, Harris says his entry had no investigatory *89 purpose but was instead for the noninvesti-gatory administrative purpose of locating Harris, who was the registered owner of the overturned Ford Ranger.
Contrary to the State’s first claim, it does not appear to this Court that the motion to suppress was granted because the circuit court believed that, regardless of the legality of the entry into the garage, there was insufficient evidence to support a conviction. It is clear that the circuit court believed that to be true, but it appears that the motion was granted because the circuit court believed that the caselaw presented by the defense controlled under the facts of Harris’s case. Thus, we need answer only the second issue — whether Trooper Hutton’s entry into Harris’s garage under the facts of this case was a violation of the Fourth Amendment requiring suppression of the evidence of his intoxication?
A trial court’s ruling on a motion to suppress will not be disturbed unless it is “palpably contrary to the weight of the evidence.” Patterson v. State, 659 So.2d 1014, 1017 (Ala.Crim.App.1995). As we have often stated, the trial court is in a better position to rule on the merits of a motion to suppress when all the evidence is before it. State v. Davis, 953 So.2d 425, 428 (Ala.Crim.App.2006). However, if, as in the instant case, the evidence is undisputed, then the ore tenus rule does not apply. If the trial court misapplies the law to the facts, there is no presumption of correctness to the trial court’s ruling. Ex parte Agee, 669 So.2d 102, 104 (Ala.1995) (and cases cited therein).
Harris states that Trooper Hutton’s entry into his garage was a violation of the Fourth Amendment. He claims that the entry was a violation of his privacy and that it constituted an illegal search, and he claims that his arrest was an illegal seizure because it was the direct result of the illegal entry into the garage, i.e., it was the fruit of the poisonous tree. Specifically, Harris appears to contend that, but for Trooper Hutton’s alleged illegal entry into the garage, Trooper Hutton could not have knocked on Harris’s door, which led to Harris’s responding to the knock, which led to his eventual arrest and charge for DUI.
“The [Fourth] Amendment protects the people from unreasonable searches and seizures of ‘their persons, houses, papers, and effects.’ ” Soldal v. Cook County, Ill., 506 U.S. 56, 62-63, 113 S.Ct. 538, 121 L.Ed.2d 450, (1992). Here, from what the record discloses, Trooper Hutton went to Harris’s home as part of a legitimate accident investigation. The door to the garage was open, rendering the entire garage and the doorway accessing the home from within the garage visible to the public. “What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.” Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).
“In Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the Supreme Court listed the factors necessary to establish a ‘legitimate expectation of privacy.’ Justice Harlan, in a concurring opinion, stated as follows:
“ ‘[T]here is a twofold requirement, first that a person have exhibited' an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as “reasonable.” Thus a man’s home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the “plain view” of outsiders are not “protected” because no intention to keep them to himself has been exhibited.’
*90 “Id., 389 U.S. at 361, 88 S.Ct. at 516. More recently, this standard was reiterated in Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).”
McVickers v. State, 551 So.2d 1130, 1132 (Ala.Crim.App.l989)(a Fourth Amendment challenge to a seizure taking place in a residential driveway). “Thus, courts have held ‘that police with legitimate business may enter areas of the curtilage which are impliedly open to use by the public’.... This means, therefore, that if police utilize ‘normal means of access to and egress from the house’ for some legitimate purpose, such as to make inquiries of the occupant ... it is not a Fourth Amendment search.... ” 1 Wayne R. LaFave, Search and Seizure 2.3(c) (4th. ed. 2004) (quoting State v. Crea, 305 Minn. 342, 233 N.W.2d 736 (1975), and Lorenzana v. Superior Court, 9 Cal.3d 626, 108 Cal.Rptr. 585, 511 P.2d 33 (1973)). “The Fourth Amendment, which prohibits unreasonable searches and seizures by the government, is not implicated by entry upon private land to knock on a citizen’s door for legitimate police purposes unconnected with a search of the premises.” United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006). “[0]fficers are allowed to knock on a residence’s door or otherwise approach the residence seeking to speak to the inhabitants just an [sic] any private citizen may.” United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir.2006) (citation and quotations omitted).
From the record, it appears that Trooper Hutton’s only purpose for entering the open garage was to access and knock on a doorway leading into the house. Here, because the garage was open to the. public, revealing a doorway into the residence, and because Trooper Hutton had a legitimate purpose in seeking Harris and thus a legitimate purpose in knocking on the door to his home and because Trooper Hutton did not conduct a search, a Fourth Amendment challenge fails.
Therefore, the circuit court’s determination that the motion to suppress should be granted was erroneous. The judgment is due to be reversed and the cause remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. Information proffered by the State but not stipulated to by the defense has not been included unless otherwise noted.